[Civ. No. 9658.  Third Dist.  May 23, 1960.]

CHARLES LYNN WELLS, Respondent, v. JUSTICE COURT FOR THE MERCED JUDICIAL DISTRICT, Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Deputy Attorney General, F. A. Silveira, City Attorney (Merced), Dudley J. Goul, Deputy City Attorney, and George D. Murphy, Jr., County Counsel (Merced), for Appellant.

Mayes & Courtney for Respondent.

VAN DYKE, P. J.—This is an appeal from an order of the Superior Court of Merced County granting a peremptory writ of prohibition. On July 31, 1958, respondent Charles Lynn Wells and another person were arrested by an officer of the Merced City Police and charged with a violation of section 148 of the Penal Code, which provides that:

"Every person who willfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by fine not exceeding five thousand dollars, and imprisonment in the county jail not exceeding five years."

On the same day the arresting officer made complaint before the Judge of the Justice Court of the Merced Judicial District, charging therein that appellant had violated said section. The judge, acting as a magistrate, set the preliminary examination of respondent for the following August 18th. On that date, however, the city attorney of the city of Merced made a

request that he be permitted to "amend" by changing the charge from a high-grade misdemeanor to a violation of, 1. Penal Code, section 415 (disturbing the peace), and, 2. Penal Code, section 416 (assembling for the purpose of disturbing the peace), both misdemeanors within the trial jurisdiction of the justice court.

The city attorney also asked the magistrate to "delete the previous charge of violation of section 148." Over the objection of respondent, permission was granted and a document purporting to be an "amended complaint" was filed. Respondent was required to plead to the "amended complaint" and entered a plea of not guilty and demanded a jury trial. Thereafter respondent's counsel made a motion that the "amended complaint" be stricken. This motion was denied. Respondent's counsel then filed a petition in the superior court for a writ of prohibition directed against the justice court. Respondent contended that the justice court had no jurisdiction to proceed further in the matter. A peremptory writ was granted and this appeal followed.

■■■ Except in cases where arrest is made without a warrant, the usual proceeding whereby a prosecution is initiated for a felony or a high-grade misdemeanor within the trial jurisdiction of the superior court is by the making of a complaint before a magistrate for the purpose of having a warrant of arrest issued. The code provides that before an information can be filed in the superior court there must be a preliminary examination of the case against an accused and an order holding him to answer rendered by a committing magistrate. ■■ The proceeding for a preliminary examination must be commenced by a written complaint. (Pen. Code, § 738.) ■■ Whether the arrest is made without a warrant, as in those cases wherein such arrest may be made, or whether the initiatory proceedings start with the complaint made to a magistrate, the jurisdiction of the superior court does not attach until a magistrate has, after a preliminary examination, ordered that the person arrested and brought before him shall be held for trial in that court and an information has been filed. ■■ Equally it must be said that these preliminary proceedings do not invoke the jurisdiction of an inferior court. The action taken by a judge of an inferior court who has issued the order for arrest or before whom an arrested person is brought after an arrest without a warrant, is not action by a judge of any court. It is action by a magistrate as incumbent of a distinct and statutory office. (*People* v.

*Cohen,* 118 Cal. 74, 78 [50 P. 20] ; *People* v. *Brite,* 9 Cal.2d 666, 685 [72 P.2d 122] ; *People* v. *Storke,* 39 Cal.App. 633, 636 [179 P. 527] ; *People* v. *Velarde,* 59 Cal. 457.) ▮ Once an arrest has been made for an offense within the jurisdiction of the superior court and the arrested person has been brought before a magistrate, it is the duty of that officer to examine into the facts and either discharge the arrested person or hold him to answer to the superior court; and if he is held and an information is filed thereafter it is based upon the proceedings before the magistrate and upon the commitment made by that officer. By the making of the complaint to the magistrate, which may be made by any one claiming to have the necessary information, no trial jurisdiction of any court is invoked.

▮ ''The preliminary complaint in a criminal proceeding is merely an allegation in writing, signed by a person who knows the facts, charging that another has committed a designated offense. (Pen. Code, § 806.) It is intended only as a basis for a warrant of arrest, and objections thereto must be taken while the defendant is being held under such warrant; and if taken after preliminary examination and commitment, they come too late, since the complaint is then functus officio.'' (*People* v. *Tibbitts,* 71 Cal.App. 709, 711-712 [236 P. 217].)

The true nature of these preliminary proceedings is well stated in *People* v. *Cohen, supra,* at page 78, in which case the acting magistrate happened to be the judge of a superior court. ▮ The Supreme Court said:

''. . . A superior judge, when sitting as a magistrate, possesses no other or greater powers than are possessed by any other officer exercising the functions of a magistrate. The justices of this court, judges of the superior courts, justices of the peace and police magistrates in cities and towns are each and all by the statute made magistrates. (Pen. Code, § 808.) The office is purely a statutory one, and the powers and duties of the functionary are solely those given by the statute; and those powers are precisely the same whether exercised by virtue of one office, or that of another. The statute makes no sort of distinction between them. If a judge of a superior court, or a justice of this court, sees fit to assume the duties of a committing magistrate—duties which are usually performed by others—he has no greater authority as such magistrate than that possessed by any justice of the peace or police judge. (*People* v. *Crespi,* 115 Cal. 50 [46 P. 863].) He is not accompanied in the discharge of those functions by any general or

implied powers, nor by those presumptions of regularity of his proceedings, which surround him when sitting as a judge of a court of record. As such magistrate he is purely a creature of the statute.''

When respondent was arrested and brought before the judge of the justice court he appeared before that officer sitting as a magistrate. No proceeding had been begun in the justice court. ██  When, therefore, at the request of the prosecuting attorney, the complaint lodged with the magistrate by the arresting officer was ''deleted'' the preliminary proceedings looking toward an examination by the magistrate into the facts underlying the complaint and the arrest were terminated. The prosecuting attorney could terminate those proceedings, and he did so. There was no reason in law for ''amending'' the complaint. ██ If the magistrate on examination into the facts determined that a crime had been committed within the jurisdiction of the superior court it was his duty to commit the arrested person to custody to await action before that court. And, whether the facts showed that the offense charged in the complaint had been committed and that the respondent had probably committed it, or whether the facts showed that some other crime within the jurisdiction of the superior court had been committed and that respondent had probably committed it, the result would have been the same. There was no necessity for ''amending'' the complaint. (*People* v. *Smith,* 1 Cal. 9; *People* v. *Wheeler,* 73 Cal. 252 [14 P. 796]; *People* v. *Damazoni,* 65 Cal.App. 252 [223 P. 1003]; *Ex parte Moan,* 65 Cal. 216 [3 P. 644]; *People* v. *Staples,* 91 Cal. 23 [27 P. 523]; *People* v. *Foster,* 198 Cal. 112 [243 P. 667]; *In re Moore,* 70 Cal.App. 483 [233 P. 805]; *People* v. *Lee Look,* 143 Cal. 216, 218 [76 P. 1028].)

The result of the foregoing is that the proceedings first initiated by the laying of a complaint before the magistrate, who in this case happened to be a judge of the Justice Court of the Merced Judicial District, were terminated upon motion of the prosecuting attorney. ██ The only question remaining is whether the so-called ''amended complaint'' may be treated as an original complaint filed in the justice court charging two misdemeanors. While it would have been better procedure had the preliminary proceedings been expressly terminated at the request of the prosecuting attorney and had there then been filed a complaint in the justice court charging misdemeanors, nevertheless we think that the legal effect of what was done was just that. We see no legal or practical

reason why the "amended complaint" should not be considered as a complaint charging misdemeanors and, of course, if that be true, then the respondent court had jurisdiction to proceed to trial on the misdemeanor charges.

The order of the superior court prohibiting respondent court from proceeding to try the misdemeanor charges against petitioner is reversed.

Peek, J., and Schottky, J., concurred.