[Crim. No. 3457. Third Dist. Nov. 8, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. RICHARD LEWIS NEWTON, Defendant and Respondent.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Appellant.

Michael T. Hennessy and Hurley & Bigler for Defendant and Respondent.

VAN DYKE, J.**—The People appeal from an order of the Superior Court of Siskiyou County dismissing an indictment. On February 14, 1963, the Grand Jury

**Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.

of Siskiyou County filed an indictment against respondent herein which, on its face, allegedly charged a violation of section 136½ of the Penal Code of this state in that on or about January 30, 1963, respondent gave a bribe of $20 in money and a bus ticket from Redding, California, to Reno, Nevada, to one Ted Haley Robinson, then and there a witness and a person about to be called as a witness "in a certain action entitled *The People of the State of California* v. *Charles O'Donnell,* then pending in the Yreka Justice Court, in and for the County of Siskiyou," the bribe having been given and accepted upon an understanding and agreement that said Ted Haley Robinson would not attend upon the trial and hearing of said action and proceeding.

Respondent herein moved for dismissal upon the ground that the evidence before the grand jury did not disclose probable cause for the indictment. That evidence, stated briefly, was as follows:

Shortly prior to January 30, 1963, a complaint had been sworn to by Robinson before the judge of the judicial district court in Redding, charging one Charles O'Donnell with a felony. Upon warrant, O'Donnell was arrested. His preliminary hearing was set for January 31. O'Donnell retained respondent here, whose business was that of private investigator, to aid him in the matter of the charge against him. Respondent, the day before the preliminary hearing, visited Robinson, who was in jail under a petty theft charge, and then proceeded to post bail for him and secure his release. Respondent then transported Robinson from Yreka to Redding, where he purchased a bus ticket to Reno for him and gave him $20 in money. He saw Robinson on board the bus bound for Reno and told him to get out of California and stay out. It is certain from the record that respondent gave the bus ticket and the money to Robinson upon Robinson's agreement to absent himself from the preliminary hearing on the following day. It is also readily inferable from the evidence before the grand jury that the understanding between respondent and Robinson was to the further effect that Robinson would stay out of California until the felony charge against O'Donnell had been disposed of. It appears that the superior court's order dismissing the indictment was based upon the proposition that a preliminary hearing was not a "trial" within the meaning of that word as used in the statute and, since the charge in the indictment was specifically directed to the bribing of Robinson to stay away from

the preliminary examination, no crime had been charged and the indictment ought to be dismissed.

We agree that a preliminary hearing is not a trial within the meaning of that word as used in the statute. And further that since the charge was specifically directed at that one hearing, no public offense was charged and the order appealed from should be affirmed.

Although the indictment charged that the proceeding against O'Donnell was an action pending in the Yreka Justice Court, such was not the case. While it appeared that the judge of the judicial district would officiate at the hearing, he could not do so as a judge of a court for the reason that his entire authority arose because, by virtue of his office, he was a magistrate. Magistrates presiding at preliminary hearings do not sit as judges of courts, and exercise none of the powers of judges in court proceedings. Justices of appellate courts, judges of superior courts, justices of the peace and police magistrates in cities and towns are each and all by the statute made magistrates. The office is purely a statutory one and the powers and duties of the functionary are solely those given by the statute; and those powers are precisely the same whether exercised by virtue of one office or that of another. (*People* v. *Cohen*, 118 Cal. 74, 78 [50 P. 20]; *Wells* v. *Justice Court*, 181 Cal.App.2d 221 [5 Cal. Rptr. 204]; *People* v. *Brite*, 9 Cal.2d 666, 685 [72 P.2d 122]; *People* v. *Storke*, 39 Cal.App. 633, 636 [179 P. 527]; *People* v. *Velarde*, 59 Cal. 457.) We quote the following from *People* v. *Brite*, 9 Cal.2d 666, 683-684 [72 P.2d 122]: "A justice of the peace, when acting as a court, is given the power of trying causes and rendering judgments of imprisonment upon conviction, but, when acting as a magistrate in a preliminary examination of a person accused by deposition of a public offense, he has no such power. The full limit of his power is, after examination, to hold the accused to answer *at trial*, unless from the examination it appears that no offense has been committed or there is not sufficient cause to believe the defendant guilty of a public offense, in which event the magistrate must order the accused discharged." By initiating proceedings before magistrates no trial jurisdiction of any court is invoked. (*Wells* v. *Justice Court, supra,* 181 Cal.App.2d at p. 225.)

 Section 136½ of the Penal Code is one of a number of code sections having to do with acts interfering with the administration of justice. The section is found in

chapter 6 of part I, title 7, of the code and the chapter contains eight sections, all having generally the same wholesome purpose. All but section 136½ were enacted in 1872, are assertedly based on Field's Draft New York Penal Code and New York Penal Code and have remained unchanged save that in Statutes of 1873-1874 the penalty under sections 137 and 138 was raised from misdemeanor to felony. Section 132 denounces the offering in evidence as genuine or true "upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law," of false documents. Section 133 prohibits the deceiving of a witness or person about to be called as a witness "upon any trial, proceeding, inquiry, or investigation whatever, authorized by law, with intent to affect the testimony of such witness." Section 134 denounces the preparing of false evidence for use "upon any trial, proceeding, or inquiry whatever, authorized by law." Section 135 denounces the destroying of evidence about to be produced "upon any trial, inquiry, or investigation whatever, authorized by law." Section 136 denounces the prevention or dissuasion of any person about to become a witness from attending "upon any trial, proceeding, or inquiry, authorized by law." Section 137, which uses broader language than any other section, prohibits the bribery or attempted bribery of any "witness." Section 138 prohibits the taking of bribes by witnesses upon any understanding that testimony shall be influenced thereby or that they will absent themselves from the "trial or proceeding" upon which their testimony is required. It is to be noted that all of the contemporaneous code sections use broad language, such as "trial, proceeding, inquiry, or investigation whatever, authorized by law" or "trial or proceeding," and so by their language specifically apply to proceedings other than trials as well as to trials. But the later section with which we are here concerned, enacted in 1937, is limited to "trials." We think the distinction is clear and material. Why the Legislature sought to limit the later enactment in its application we do not know, but the limitation is there, the statute is highly penal, and the limitation cannot be ignored. (We note that, after occurrences here related, the Legislature amended § 136½ by adding after the word "trial" the words "or other judicial proceeding." We think the amendment is of no substantial aid in construing the statute as it stood before the amendment.)

The text of section 136½ as it stood at the time of the

occurrences with which we are here concerned, reads as follows:

"Every person who gives or offers or promises to give to any witness or person about to be called as a witness, any bribe upon any understanding or agreement that such person shall not attend upon any trial, or every person who attempts by means of any offer of a bribe to dissuade any such person from attending upon any trial, is guilty of a felony."

In charging an offense against this statute, it is essential that the accusatory pleading state what was the understanding or agreement in consideration of which the bribe was given. Here the indictment charged that the bribe was given "upon an understanding and agreement that said Ted Haley Robinson would not attend upon the trial and hearing of *said action & proceeding.*" (Italics added.) These closing words refer to that part of the indictment which described the action and proceeding as being a certain action "entitled *The People of the State of California* v. *Charles O'Donnell,* then pending in the Yreka Justice Court, in and for the County of Siskiyou, State of California." Under the facts before the grand jury this language, though inept and mistaken in material part, could only refer to the proceedings pending before the magistrate. That was the extent of the understanding and agreement alleged to have existed between respondent and Robinson and upon which the bribe was charged to have been given. In short, the charge is that Robinson was bribed to absent himself from the preliminary hearing. Reading these things into the indictment as we must, in view of the testimony before the grand jury, no public offense was charged.

It appears that when the motion to dismiss was presented to the trial court, the position of the assistant district attorney opposing the motion was that Robinson had been bribed by respondent to absent himself from the preliminary hearing and that the preliminary hearing constituted a trial within the meaning of that word as used in the section; that therefore the indictment stated a public offense. Said the assistant district attorney to the trial court, "At the time the matter first came to my attention I read the code section and then I wondered, as counsel has also, whether the word trial as used in section 136½ means among other things a preliminary examination, ... we came to the conclusion that the word trial as used in section 136½ of the Penal Code does

include a preliminary examination. . . . We also have to take into consideration if the word trial does not apply to a preliminary examination, then what was done in this instance ... could be done with impunity. In other words, it is no criminal offense at all, . . . if a preliminary examination is not a trial ... the defendant is entitled to be discharged; there is no crime committed at all.'' From the brief on appeal here it appears that a somewhat different position is now taken. Here appellant contends the purpose of the law is to go back as far as necessary and say, in effect, that any attempt to so influence prospective witnesses that the truth will not be presented in anticipated litigation is felonious; that it is the intent of the person interested and his purpose and design that is decisive; that while a person cannot be a witness unless there is an action pending, yet a person may be ''about to be called as a witness'' even though no action is pending; that if a bribe is given to one to withhold evidence or absent himself from an anticipated or probable trial, the crime is complete. In support of the foregoing the People cite *People* v. *McAllister,* 99 Cal.App. 37 [277 P. 1082]; *People* v. *Martin,* 114 Cal.App. 392, 395 [300 P. 130]; *Evans* v. *Superior Court,* 96 Cal.App.2d 187, 189 [214 P.2d 579]; *People* v. *McGee,* 24 Cal.App. 563, 566, 567 [141 P. 1055]. Applying this theory to the facts, appellant says: ''The respondent then supplied Mr. Robinson with a bus ticket to take him from Redding to Reno and gave him $20 in cash. Respondent's intent is clearly established by the declaration made at the time he made the bribe. He asked the prospective witness if he were given a bus ticket and some money and were out of jail, 'Would you be willing to disappear?' . . . It is apparent from this evidence that the [respondent] ... gave a bribe to a person about to be called as a witness upon the agreement that such witness would permanently absent himself from the State.''

We have no quarrel with the rules announced in these cases but they have no application here. The indictment cannot be read as charging that Robinson was bribed upon an understanding and agreement that he would not testify in any proceeding or trial against O'Donnell arising out of the matters referred to in the complaint before the magistrate. On the contrary, as we have said, the understanding and agreement alleged to have been made in consideration of the bribe were that Robinson would absent himself from the pre-

liminary hearing. The indictment goes no farther and that was not far enough.

For the reasons given, the order appealed from is affirmed.

Pierce, P. J., and Schottky, J., concurred.