[Civ. No. 35004. First Dist., Div. Two. Apr. 22, 1975.]

DARYL DWAYNE KOSKI, Plaintiff and Appellant, v.
DUNCAN M. JAMES, as District Attorney, etc., et al.,
Defendants and Respondents;
THE PEOPLE, Real Party in Interest and Respondent.

350

## COUNSEL

Robert H. Heeb for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Stan M. Helfman, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**BRAY, J.**\*—Appellant appeals from the order of the Mendocino County Superior Court denying his petition for writ of mandate.

*Issues Presented:*

1) The practice of filing all felony complaints and holding all preliminary examinations in one judicial district does not deprive appellant or other voters in other districts of equal protection of the laws.

2) The practice of filing all felony complaints and holding all preliminary examinations in one judicial district does not deprive appellant or other felony defendants who reside in other districts of equal protection of the law.

*Record:*

A complaint was filed in the Justice Court of the Ukiah Judicial District, Mendocino County charging appellant Koski with two felonies. The magistrate who was also the judge of the justice court in Ukiah proposed to conduct the preliminary hearing. Appellant made a motion to have the matter transferred for preliminary hearing to the judicial district in the county where the alleged crime was committed. The motion was denied.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Appellant then petitioned for a writ of mandate in the Mendocino County Superior Court seeking (1) that his criminal case be transferred for preliminary hearing to the Justice Court of the Ten Mile Judicial District, Mendocino County; (2) that the District Attorney of Mendocino County be ordered to specify in all felony complaints filed in the county the judicial district wherein the alleged crime(s) was committed and to file each such felony complaint in the judicial district where the alleged crime(s) was committed; and (3) that the Judge of the Justice Court of the Ukiah Judicial District be commanded to refrain from accepting for filing in that justice court any felony complaint not alleging that the crime(s) was committed in that judicial district and to refrain from proceeding with a preliminary hearing when the complaint did not so allege. The petition was denied.

*Statement of Facts:*

Appellant filed his petition for writ of mandate and his appeal from its denial, as a registered voter, for himself, and all others similarly situated, and as a defendant in a criminal matter, for himself, and all others similarly situated.

Appellant is a registered voter and elector of the Ten Mile Judicial District, Mendocino County. Respondent Duncan M. James is the District Attorney of Mendocino County, and respondent Hale McCowen, Jr., is the Judge of the Justice Court of the Ukiah Judicial District, Mendocino County.

As a matter of policy the district attorney files all felony complaints in the Justice Court of the Ukiah Judicial District regardless of where in the county the alleged felony was committed. Judge McCowen, as a matter of policy, accepts said complaints for filing in the Ukiah Judicial District without consideration of where in the county the alleged crime was committed. The complaints so filed do not state the judicial district within which the alleged crime was committed.

Mendocino County has a population of 53,000 and an area of 3,500 square miles. There are five unincorporated cities in the county. Ukiah is the county seat with an approximate population of 11,000; Willits, Fort Bragg, Mendocino and Point Arena each have populations of under 5,000. The county is divided into nine judicial districts, each with its own justice court and judge, and each having equal jurisdiction to accept and file felony complaints and hear preliminary examinations. The judge of each judicial district is elected solely by residents and registered voters of

that judicial district. Sixty percent of the residents and registered voters of the county reside outside of the Ukiah Judicial District and, therefore, cannot vote for the judge of that district.

There are three jails in Mendocino County. The county jail is in Ukiah and all accused felons are booked into the county jail. The other two jails are in the Ten Mile and the Little Lake Judicial Districts and are classified as holding facilities only. There are approximately 50 attorneys in the county, 80 percent having their offices in Ukiah. The public defender's two attorneys have their offices in Ukiah. The district attorney's staff is composed of six attorneys, three of whom handle all criminal prosecutions in the county. There are two superior court departments in the county; both are in Ukiah. There are six certified stenographic reporters in the county; two work full-time for the superior court.

The district attorney filed a complaint in the Justice Court of the Ukiah Judicial District charging appellant with two felonies. The complaint did not state the judicial district where the alleged crimes were committed. In fact, the alleged crimes occurred in the Ten Mile Judicial District (in Fort Bragg) and all witnesses reside there. In good weather it is a three-hour trip over mountain roads from the Ten Mile Judicial District to the Ukiah Judicial District. Said roads upon numerous occasions are impassable because of mountain slides and cave-ins.

1)   *Voters not deprived.*

Appellant contends ". . . the voters of the County of Mendocino not residing in the Ukiah Judicial District have no vote for the judge of that district who accepts for filing and hears all preliminary hearings in felony cases occurring within the County without regard to the judicial district in which they occur; thus sixty percent (60%) of the County's voters are being deprived of the right to vote for the judge who is responsible for protecting their community and enforcing the law that may be violated in their communities. Or, to put it another way, the voters of eight out of nine judicial districts of said County have no voice whatsoever in the election of the judge with these responsibilities. Such a denial is a violation of the Equal Protection Clauses of the California and United States Constitutions." Appellant further asserts that because the right to vote is a fundamental interest the strict scrutiny test must be used in determining whether equal protection of the laws is here being denied.

Appellant is correct that in cases involving fundamental interests, especially where classifications involve voting rights, the courts apply a strict scrutiny test.[1] However, the instant case does not actually involve the right to vote and appellant's arguments, therefore, have no merit.

Registered voters have the right to vote for and elect the judges in their judicial district. (Cal. Const., art. VI, § 16, subd. (b).) However, when a felony complaint is filed a preliminary examination is held before a *magistrate,* not a judge. (*Wells* v. *Justice Court* (1960) 181 Cal.App.2d 221, 224 [5 Cal.Rptr. 204]; *People* v. *Randall* (1973) 35 Cal.App.3d 972, 975 [111 Cal.Rptr. 590].) The cases and statute hold that a felony complaint may be filed in any judicial district in the county in which the offense was committed, and the magistrate of the court in which the complaint is on file may conduct the preliminary examination. (*People* v. *Jones* (1963) 221 Cal.App.2d 619, 621 [34 Cal.Rptr. 618]; Pen. Code, § 859.) A magistrate is purely a creature of statute, the holder of a statutory office separate and distinct from the elective office of judge. (*Wells* v. *Justice Court, supra;* Pen. Code, § 808.[2]) ■ A preliminary hearing is not a trial and a magistrate presiding at the hearing does not sit as a judge of a court and exercises none of the powers of a judge in a court proceeding. (*People* v. *Conover* (1966) 243 Cal.App.2d 38, 49 [52 Cal.Rptr. 172]; *People* v. *Newton* (1963) 222 Cal.App.2d 187, 189 [34 Cal.Rptr. 888].)

---

[1]"In .the typical equal protection case the classification need only bear a rational relationship to a conceivable legitimate state purpose; '[on] the other hand, in cases involving "suspect classifications" or touching on "fundamental interests," . . . the court has adopted an attitude of active and critical analysis, subjecting the classification to strict scrutiny. [Citations omitted.] Under the strict standard applied in such cases, the state bears the burden of establishing not only that it has a *compelling* interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose.' (*Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765, 784-785 [87 Cal.Rptr. 839, 471 P.2d 487], vacated on other grounds (1971) 403 U.S. 915 [29 L.Ed.2d 692, 91 S.Ct. 2224].) [¶] The strict standard particularly applies to classifications involving voting rights. The decisions of the United States Supreme Court have established that, '[B]ecause of the overriding importance of voting rights, classifications "which might invade or restrain them must be closely scrutinized and carefully confined" where those rights are asserted under the Equal Protection Clause.' (*McDonald* v. *Board of Election* (1969) 394 U.S. 802, 807 [22 L.Ed.2d 739, 744, 89 S.Ct. 1404]; accord, *Dunn* v. *Blumstein* (1972) 405 U.S. 330, 336 [31 L.Ed.2d 274, 280-281, 92 S.Ct. 995].)" (*Curtis* v. *Board of Supervisors* (1972) 7 Cal.3d 942, 951-952 [104 Cal.Rptr. 297, 501 P.2d 537].)

[2]Penal Code section 808 denotes who are made magistrates:
1. The judges of the Supreme Court.
2. The judges of the courts of appeal.
3. The judges of the superior courts.
4. The judges of the municipal courts.
5. The judges of the justice courts.

"When a judge of a particular judicial district acts in the capacity of a magistrate, he does not do so as a judge of a particular court but rather as one who derives his powers from the provisions of Penal Code, sections 807 and 808. (See *People* v. *Newton,* 222 Cal.App.2d 187, 189 [34 Cal.Rptr. 888].) By initiating proceedings before magistrates, no trial jurisdiction of any court is invoked." (*People* v. *Superior Court* (1967) 249 Cal.App.2d 727, 735 [57 Cal.Rptr. 818].)

"Equally it must be said that these preliminary proceedings do not invoke the jurisdiction of an inferior court. The action taken by a judge of an inferior court who has issued the order for arrest or before whom an arrested person is brought after an arrest without a warrant, is not action by a judge of any court. It is action by a magistrate as incumbent of a distinct and statutory office. (*People* v. *Cohen,* 118 Cal. 74, 78 [50 P. 20]; *People* v. *Brite,* 9 Cal.2d 666, 685 [72 P.2d 122]; *People* v. *Storke,* 39 Cal.App. 633, 636 [179 P. 527]; *People* v. *Velarde,* 59 Cal. 457.)" (*Wells* v. *Justice Court, supra,* 181 Cal.App.2d 221, 224-225; accord, *People* v. *Randall, supra,* 35 Cal.App.3d 972, 975.)

■ "Justices of the supreme court, judges of the superior court, justices of the peace and police judges, when sitting as magistrates, have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices. They derive their powers and jurisdiction from the constitution, operating with the acts of the legislature upon the subject." (*People* v. *Crespi* (1896) 115 Cal. 50, 54 [46 P. 863]; accord, *People* v. *Randall, supra,* 35 Cal.App.3d 972.)

■ Although the office of magistrate is an office which one holds under Penal Code section 808 by virtue of being a judge, it is a different office from that of judge and is one conferred by statute not by district election. Preliminary felony proceedings in any judicial district do not invoke the jurisdiction of the elected judge but of the magistrate. Voters have no right to vote for the office of magistrate as there is no elective office to vote for, therefore, in the instant case they are in no way denied the right to vote, nor is their vote diluted, when a magistrate in one judicial district holds all the preliminary examinations in the county.

Moreover, the record offered by the Attorney General discloses that the incumbent Justice of the Peace of the Ten Mile Justice Court District

is not a lawyer. In *Gordon* v. *Justice Court* (1974) 12 Cal.3d 323 [115 Cal.Rptr. 632, 525 P.2d 72], the Supreme Court held that henceforth a nonlawyer justice of the peace could not preside at a criminal trial of a defendant charged with an offense carrying a possible jail sentence, absent a waiver of the right to have the matter heard before an attorney judge. The court stated further: "We also note that a judge of a justice court is authorized to act as a magistrate. (Pen. Code, § 808) with power to conduct preliminary hearings in felony cases and to order the defendant to stand trial for his offense (Pen. Code, § 858 et seq.) Although petitioners were not charged with felony offenses and, accordingly, the question is not before us, we fail to see any distinction of consequence between misdemeanor trials involving a potential jail sentence, and felony preliminary examinations which present similar potential loss of freedom. Thus, a strong argument could be made that an attorney judge is essential to afford the defendant due process during the preliminary hearing." (*Gordon* v. *Justice Court, supra,* at pp. 326-327, fn. 2.)

### 2) *Felony defendants not deprived of equal protection.*

■ Appellant contends that ". . . there is a different standard of due process of law between defendants and the public residing in various parts of the County; thus due process of law is not uniformly applied throughout the County and the Constitutional guarantees of equal protection of the laws are violated." Appellant bases this claim upon assertions (1) that law enforcement officials and the public of other judicial districts have long trips to the Justice Court of the Ukiah Judicial District and incur added expense and time, whereas residents of said district do not, (2) that said travel time discourages witnesses from other judicial districts from voluntarily making themselves available, and (3) that the right to a public trial is impaired by the difficulty of transportation for members of the public who come from judicial districts other than the Ukiah Judicial District.

There is no constitutional inhibition against the procedure followed in this case and moreover there was no abuse of discretion by the court in refusing to transfer the preliminary hearing.

The statute and cases hold only that a felony complaint must be filed in the *county* where the alleged crime occurred, and that the magistrate

of the court where the complaint is filed may conduct the preliminary examination. (*People* v. *Jones, supra,* 221 Cal.App.2d 619, 621; Pen. Code, § 859.) The parties do not cite any law which requires a complaint to be filed in the judicial district within the county where the alleged crime occurred. Although appellant does not directly say so, he is basically claiming that the law requiring a complaint to be filed in the county of the crime denies felony defendants equal protection because it leaves to the discretion of public officials where such complaints should be filed and the preliminary examinations held; and that the policy of respondents to file all the county's complaints and hear all preliminary examinations in the Ukiah Judicial District likewise denies felony defendants equal protection.

Appellant does not here claim that any fundamental interest or suspect classification is involved. Therefore, the standard to be applied in determining whether the practices above deny appellant and felony defendants equal protection is whether the classification bears a rational relation to a legitimate governmental purpose. (*Weber* v. *City Council* (1973) 9 Cal.3d 950, 958-959 [109 Cal.Rptr. 553, 513 P.2d 601]; *Whittaker* v. *Superior Court* (1968) 68 Cal.2d 357, 367-368 [66 Cal.Rptr. 710, 438 P.2d 358]; *McDonald* v. *Board of Election* (1969) 394 U.S. 802, 808-809 [22 L.Ed.2d 739, 745-746, 89 S.Ct. 1404]; *McGowan* v. *Maryland* (1961) 366 U.S. 420, 425-426 [6 L.Ed.2d 393, 398-399, 81 S.Ct. 1101].)

The requirement in Penal Code section 859 that a felony complaint be filed in the county of the crime has a clear rational relation to a legitimate governmental interest. Such a county is the situs of the crime, is where most witnesses would reside, and is where the law enforcement agency investigating the crime would usually be.

The practice of respondents of filing all felony complaints and conducting all preliminary examinations in the Ukiah Judicial District and not in the eight other judicial districts of the county likewise bears a rational relation to a legitimate governmental interest. That interest is the most efficient use of resources. Three attorneys of the district attorney's office handle all criminal prosecutions in the county, and it is clearly more efficient to have all preliminary hearings in one place rather than to send district attorneys to the other eight judicial districts. It would be impossible, no doubt, for the district attorney's office to

function without additional staff to handle preliminary examinations in all nine judicial districts. The county jail is in Ukiah, and to have preliminary examinations in the other eight judicial districts would necessitate transporting in-custody defendants all over the county. This would be more costly in transportation expenses and sheriff's department personnel time. The public defender's office has only two attorneys and would face difficulties similar to the district attorney's office if preliminary examinations were held in the other eight judicial districts. Additionally, 80 percent of the attorneys in the county have their offices in Ukiah. Defendants hiring one of these attorneys would incur added expenses because they would have to pay for the attorney's time spent in traveling if preliminary examinations were held throughout the county. Finally, if a defendant is held to answer there must be a transcript prepared. This would necessitate seeing that one of the four available certified stenographic reporters in the county was at every preliminary examination in the nine judicial districts, an increased cost to the county government.

Both the federal and state courts have upheld legislative classifications permitting the application of different judicial procedures in different geographic areas and political subdivisions. For example, in *Whittaker* v. *Superior Court, supra,* 68 Cal.2d 357, finding that population formed a rational basis for classification of appellate procedures applicable to certain geographic areas, it was held that equal protection under the laws was not denied by a statutory scheme by which appeals from justice court misdemeanor convictions in counties without a municipal court were heard by a single judge of the superior court sitting as a court of appeal, whereas appeals from justice or municipal court misdemeanor convictions in counties having a municipal court were heard by the three-judge appellate department of the superior court. The court said at page 370: "Legislative classification as to treatment and procedure within a state judicial system according to factors such as geographical area, population, or other relevant considerations, does not deny equal protection of the laws unless such classification is shown to be palpably arbitrary and without a sound basis in reason." (See also *Missouri* v. *Lewis* (1879) 101 U.S. 22 [25 L.Ed. 989]; *Mallett* v. *North Carolina* (1901) 181 U.S. 589 [45 L.Ed. 1015, 21 S.Ct. 730].)

In the instant case the classification by which all felony complaints are filed and all preliminary examinations are heard in the Ukiah Judicial District, whereas no felony complaints are filed and no preliminary

examinations are heard in the other eight judicial districts of the county, bears a rational relation to a valid governmental purpose and is not palpably arbitrary.

The order is affirmed.

Taylor, P. J., and Kane, J., concurred.

On May 5, 1975, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied July 9, 1975.