149 Cal.App.3d 373 (1983)
196 Cal. Rptr. 808
VICKIE GRAY, Petitioner,
v.
THE MUNICIPAL COURT FOR THE CENTRAL ORANGE COUNTY JUDICIAL DISTRICT OF ORANGE COUNTY, Respondent; THE PEOPLE, Real Party in Interest.
Docket No. 30826.
Court of Appeals of California, Fourth District, Division Three.
November 30, 1983.
*374 COUNSEL
Ronald Y. Butler, Public Defender, Frank Scanlon, Assistant Public Defender, James Dean Allen and Randall F. Pacheco, Deputy Public Defenders, for Petitioner.
No appearance for Respondent.
Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Wendy Brough, Deputy District Attorneys, for Real Party in Interest.
OPINION
TROTTER, P.J.
(1a) In this original proceeding, we are asked to determine whether a magistrate has jurisdiction to transfer a preliminary *375 hearing on felony charges to another judicial district in the same county. Judicial precedent, constitutional authority and judicial economy compel our conclusion that a magistrate does have such inherent power.

I
A complaint was filed in the Central Orange County Judicial District, charging Vickie Gray with welfare fraud (Welf. & Inst. Code, § 11483) and related offenses (Pen. Code, §§ 96, 118). The district attorney maintains a single organizational unit in the Central Judicial District to enforce child support obligations and public aid statutes (Welf. & Inst. Code, § 11475.1)[1] and prefers to prosecute all welfare fraud cases in that judicial district.
Gray appeared before a magistrate in the Central Judicial District and moved to have the action transferred for preliminary hearing to the North Judicial District, where the charged offenses were committed. Over the prosecution's objection, the magistrate granted the motion on the following grounds: "... It is a matter of the Court's discretion. I can't see any reason why the Court should be doing the entire county's business on Welfare [sic] frauds. The witnesses are inconvenienced to come down from Anaheim to get down here to Central Court to testify in the preliminary hearing."
The prosecution petitioned the superior court for extraordinary relief and a writ issued, directing the magistrate to vacate the order. Gray now seeks a writ of mandate compelling the superior court to vacate the order restraining the transfer of the preliminary hearing.

II
The parties have misconstrued the magistrate's order as granting a "change of venue" between judicial districts of one county. (2) Venue in felony proceedings is the county where the crime was committed. (Adams v. Superior Court (1972) 27 Cal. App.3d 719, 722, fn. 2 [104 Cal. Rptr. 144].) (3) A change of venue entails removing the proceedings to another county. (Pen. Code, § 1033.) A transfer between judicial districts of the same county is not a change of venue, since the proceedings remain in the same "jurisdictional territory." (Pen. Code, § 777; see, e.g., People v. McDaniel (1958) 157 Cal. App.2d 492, 498 [321 P.2d 497].)
*376 Both parties erroneously rely on Penal Code section 1035 which refers to "a change of venue to another judicial district in the same county."[2] Clearly, that section applies only to misdemeanor proceedings where venue is the judicial district where the offense occurred. (Pen. Code, § 1462.2.)

III
(4) Magistrates derive their jurisdiction and limited powers from the Constitution (Cal. Const., art. I, § 14) operating with the acts of the Legislature upon this subject. (People v. Crespi (1896) 115 Cal. 50, 54 [46 P. 863]; In re Geer (1980) 108 Cal. App.3d 1002, 1008 [166 Cal. Rptr. 912].) Courts generally have restricted magistrates' powers to those enumerated in the Penal Code (§§ 806, 807, 859, 859a, 859b, 871, 872), reasoning they may not exercise judicial powers since they do not preside as a judge. (People v. Municipal Court (White) (1979) 88 Cal. App.3d 206, 213 [151 Cal. Rptr. 861]; Koski v. James (1975) 47 Cal. App.3d 349, 354 [120 Cal. Rptr. 754]; Burris v. Superior Court (1974) 43 Cal. App.3d 530, 537 [117 Cal. Rptr. 898].) However, recent decisions have accorded magistrates adjudicatory functions similar to those of a trial court. (In re Geer, supra, 108 Cal. App.3d at p. 1008, power to rule on a demurrer and dismiss complaint; see also People v. Baines (1981) 30 Cal.3d 143, 148 [177 Cal. Rptr. 861, 635 P.2d 455], power to order a lineup; Holman v. Superior Court (1981) 29 Cal.3d 480, 482 [174 Cal. Rptr. 506, 629 P.2d 14], discretion to order discovery; People v. Brice (1982) 130 Cal. App.3d 201, 209-210 [181 Cal. Rptr. 518], power to hold a defendant to answer on uncharged offense; People v. Municipal Court (Kong) (1981) 122 Cal. App.3d 176, 180 [175 Cal. Rptr. 861], jurisdiction to reduce felony to misdemeanor.)
Recognizing a magistrate's authority to perform judicial functions has a twofold basis: First, Esteybar v. Municipal Court (1971) 5 Cal.3d 119, 126 [95 Cal. Rptr. 524, 485 P.2d 1140] declared that holding a defendant to answer is a judicial act and involves the exercise of judicial discretion. Furthermore, "the fact that a particular power has been conferred on a magistrate by statute does not prevent the exercise of that power from being a judicial act for purposes of the doctrine of separation of powers." (Id., at p. 127; see Cal. Const., art. III, § 3.)
Second, Landrum v. Superior Court (1981) 30 Cal.3d 1 [177 Cal. Rptr. 325, 634 P.2d 352] abrogated the distinction between "magistrate" and *377 "court" as established by People v. Peters (1978) 21 Cal.3d 749 [147 Cal. Rptr. 646, 581 P.2d 651]. Peters held a magistrate is not a "court" within the meaning of Penal Code section 1385 which allows a court to dismiss an action in the interest of justice; and therefore a purported dismissal by a magistrate does not bar further prosecution under section 1387. (Id., at p. 751.)
Landrum repudiated Peters in light of judicial precedent, legislative intent and constitutional policies.[3] In particular, a long line of appellate decisions either assumed the magistrate's dismissal power pursuant to Penal Code sections 1385 and 1387, or used the term "court" to refer to a magistrate within that context. (Landrum, supra, at p. 13, relying on dis. opn. of Mosk, J. in Peters, supra, 21 Cal.3d at pp. 753-761.) Moreover, the statutory history of section 1385 indicates the Legislature intended to extend that dismissal power to all stages of a criminal proceeding, including the preliminary hearing. (Ibid.) Other Penal Code sections, referring to "court," were clearly meant to include magistrates as well. (Ibid., citing Pen. Code, §§ 1388, 1383, 859, 859a, 868 and 1002.) Finally, the policies against prosecutorial harassment and forum shopping, embodied in the section 1387 bar against prosecution after two dismissals, militated against the Peters decision. (Landrum, supra, 30 Cal.3d at p. 14.)
(1b) In light of Esteybar and Landrum, magistrates possess inherent judicial powers ancillary to their express statutory powers. The transfer of a preliminary hearing falls within the magistrate's inherent power to manage the calendar. "`"One of the powers which has always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been the right to control its order of business and to so conduct the same that the rights of all suitors before them might be safeguarded. This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized to enforce rights and redress wrongs."'" (Rice v. Superior Court (1982) 136 Cal. App.3d 81, 90 [185 Cal. Rptr. 853], quoting Lorraine v. McComb (1934) 220 Cal. 753, 756 [32 P.2d 960].) Magistrates' control over their calendars is ancillary to their conduct of preliminary hearings under the Penal Code.
The cases relied on by the prosecution do not persuade us to the contrary. Stanley v. Justice Court (1976) 55 Cal. App.3d 244 [127 Cal. Rptr. 532] concerned the district attorney's preference to file felony complaints in one *378 judicial district, where the preliminary hearing would then take place. Stanley held the selection of the appropriate forum is for the district attorney's office and reflects the most efficient use of that office's resources. (Id., at p. 255.) The prosecution's reliance on Stanley overlooks the fact the magistrate's decision to transfer follows the district attorney's decision to prosecute. (See Esteybar v. Municipal Court, supra, 5 Cal.3d at p. 127.) Where to file the complaint is exclusively determined by the prosecution. Where to hold the preliminary hearing is a decision for the magistrate.
In Koski v. James, supra, 47 Cal. App.3d 349, 356, the court found no abuse of discretion in a magistrate's denial of a defendant's motion to transfer his case between judicial districts of the same county. (Koski reasoned that filing all felony complaints and holding all preliminary hearings in only one of nine judicial districts was rationally related to a legitimate government interest in the efficient allocation of county resources. (Id., at pp. 357-358.)
Koski is easily distinguished. First, the court was influenced by the fact the magistrate in the receiving judicial district was not an attorney. Koski v. James, supra, 47 Cal. App.3d at pp. 355-356.) Second, the opinion reflects pre-Esteybar and Landrum cases which strictly construed a magistrate's powers. (Id., at pp. 354-355.) Finally, the magistrate's inherent power to transfer the case is implicit in the Koski decision. The court did not hold the magistrate had no jurisdiction to transfer the case, but rather his refusal to do so was within his discretion. (Id., at p. 356.)
(5) A decision to transfer a preliminary hearing entails balancing the parties' as well as the court's best interests. Fair play and judicial economy require the magistrate to examine the relative hardships involved. Contrary to the prosecution's perfunctory claims, most of the defense and at least some of the district attorney's witnesses are located in Gray's community. Presumably Gray and probably her witnesses are indigent. The burden of time and expense of travel should obviously fall on the county employees and not on the public aid recipients.
Judicial economy is also an overriding concern. Compelling all welfare fraud preliminary hearings to be held in the Central Judicial District congests court calendars, removes judges from jury trials resulting in their delay. In these circumstances the magistrate properly exercised his inherent power to transfer Gray's preliminary hearing to another judicial district.[4]
*379 The alternative writ is discharged. Let a peremptory writ of mandate issue directing respondent superior court to vacate its order restraining the transfer of the preliminary hearing and issue a new and different order denying the prosecution's petition for writ of mandate.
Crosby, J., and Wallin, J., concurred.
NOTES
[1] Section 11475.1 of the Welfare and Institutions Code provides in pertinent part: "Each county shall maintain a single organizational unit located in the office of the district attorney which shall have responsibility for promptly and effectively enforcing child and spousal support obligations and determining paternity in the case of a child born out of wedlock."
[2] Penal Code section 1035 provides: "In a criminal action pending in a municipal or justice court, the court shall order a change of venue to another judicial district in the same county on motion of the prosecution if it appears that the change will be for the convenience of all parties to the action and the defendant and his attorney, if any, consent in writing to the change."
[3] In reaction to Peters, the Legislature added Penal Code section 871.5 to provide for superior court review of dismissals by magistrates as specified in sections 859b, 861 and 871 as concurrently amended. Penal Code section 1387 was also amended to provide that two dismissals pursuant to the aforementioned sections bars further prosecution.
[4] Although the defense challenge to the superior court's jurisdiction to entertain a petition for extraordinary relief may be meritorious (People v. Superior Court (Stanley) (1979) 24 Cal.3d 622 [156 Cal. Rptr. 626, 596 P.2d 691]), we do not reach the question because of the importance of a resolution of this recurring problem to the efficient functioning of the municipal court and the public agencies involved.