[Crim. No. 734. Third Appellate District.—January 12, 1924.]

THE PEOPLE, Respondent, v. V. DAMAZONI, Appellant.

[1] CRIMINAL LAW—MOTION TO SET ASIDE INFORMATION—GROUNDS—APPEAL—RECORD.—Where the record on appeal from a judgment of conviction of the crime of unlawfully selling intoxicating liquors does not show the grounds upon which defendant made his motion to set aside the accusatory pleading, the appellate court cannot say that the trial court committed error in denying such motion.

[2] ID.—NECESSITY FOR PRESENTING GROUNDS.—In order that a defendant in a criminal prosecution may avail himself of the right to have an information set aside, the ground or grounds upon which he bases that right must be presented so that the court may know whether the point thus made by him is or is not well taken.

[3] ID.—COMPLAINT IN TWO COUNTS—SUFFICIENCY OF GENERAL COMMITMENT.—Where the complaint charging the unlawful sale of intoxicating liquors was in two counts, charging two separate violations, and the commitment issued by the magistrate and upon which the information was founded was in general language and held the defendant to trial for the "offense named in the

within complaint," and, upon motion of the district attorney and with the express acquiescence of the attorney for defendant, the second count of the information was set aside, the motion of the defendant to set aside the information as it then stood, on the ground that he was not legally committed by the magistrate, was properly denied.

[4] ID.—DEPOSITIONS BEFORE MAGISTRATE—HOLDING FOR TRIAL UPON BOTH COUNTS.—In such prosecution, the contention that while the depositions taken before the committing magistrate disclosed that probable cause existed for holding the accused for trial on the second count of the information (the count that was dismissed), there was no proof whatsoever revealed by said depositions tending to establish probable cause for holding the accused on the first count, and that therefore the commitment must be construed to refer to and embrace the second count only, is without merit, where the depositions clearly establish probable cause or reason for believing that defendant committed both offenses at the times and places stated in the complaint and in the information and it further appears from the depositions that defendant, when testifying in his own behalf before the magistrate, expressly admitted that he sold contraband liquor to the party named in the first count on the occasion stated therein.

[5] ID.—EVIDENCE—COMMITMENT—DUTY OF MAGISTRATE.—A magistrate is enjoined by law to commit a person to trial in the superior court for any offense which may be disclosed at the preliminary hearing by any testimony, from whatsoever source it may come, given before him.

[6] ID.—AMENDMENT OF INFORMATION—WITHDRAWAL OF PLEA—ONCE IN JEOPARDY.—In this prosecution for the unlawful sale of intoxicating liquors, the amendment of the information, by the elimination of the second count thereof, and the withdrawal by defendant of his plea of not guilty for the purpose of enabling him to move to set aside the information on some ground or grounds not made to appear in the record, did not render the plea of once in jeopardy available to defendant.

APPEAL from a judgment of the Superior Court of Napa County. Percy S. King, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. S. Bell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The information, following in that respect the complaint filed with the magistrate, was originally in two counts, the first charging that the defendant, on or about the seventh day of March, 1923, in the county of Napa, did willfully and unlawfully sell and furnish to one Frank Martinetti intoxicating liquor containing one-half of one per centum or more of alcohol by volume, etc., and the second likewise charging said defendant with selling and furnishing to Gussie Johnson and Evon Thiel like liquor, containing one-half of one per centum or more of alcohol by volume, etc. Upon his arraignment, and after a futile motion to set aside the first count of the information, the defendant entered a plea of not guilty to each of the counts set up in the information. When the case was called for trial the court, upon motion of the district attorney, and with the express acquiescence of the attorney for the defendant, set aside the second count of the information. Thereupon the attorney for the defendant asked that the defendant be permitted to withdraw his plea of not guilty theretofore entered by him to the information, and the request was granted. The defendant then made a motion to set aside the information as it then stood on grounds not stated in his motion, so far as this record discloses. The motion was denied and thereupon the defendant interposed a plea of not guilty to the charge contained in the information, as set forth in the first and only remaining count thereof, and also a plea of once in jeopardy.

The trial was thereupon proceeded with upon the charge stated in the first count and the jury found against the defendant on his plea of once in jeopardy and also found him guilty as charged.

He brings this case to this court upon an appeal from the judgment of conviction and the order denying his motion for a new trial.

The defendant complains that the court erred by not granting his motion to set aside the information.

[1] There is not before us a reviewable record upon the question whether the court did or did not err in denying the motion to set aside the accusatory pleading. As seen, the grounds of the motion are not stated, and it is, of course, impossible for us to say whether the court committed error

in its action in denying the motion. All that the record shows as to this matter is the following: "The defendant now interposes a motion to set aside the first count of the information."

Section 995 of the Penal Code provides, among other things, that an information must be set aside when it is made to appear: "1. That before the filing thereof the defendant had not been legally committed by a magistrate; 2. That it was not subscribed by the district attorney of the county, or city and county." [2] It is a proposition requiring no discussion that, in order that a defendant may avail himself of the right to have an information filed against him set aside, the ground or grounds upon which he bases that right must be presented so that the court may know whether the point thus made by him is or is not well taken. It would seem that authorities in confirmation of this proposition need not be cited. [3] It may not be improper to say, however, that the entire proceedings before the committing magistrate culminating in the holding of the defendant to trial having been admitted in evidence in purported support of the motion, it is probable that the ground upon which it was the intention of the defendant to press the motion was that he was not legally committed by the magistrate. Indeed, in the brief of counsel for the defendant it is so stated. Assuming this to be true, and the record was such as to make the point reviewable, still we would find no reason for upholding the position of the defendant that the court erred in denying his motion to set aside. The commitment issued by the magistrate and upon which the information was founded is in general language and holds the defendant to trial for the "offense named in the within complaint." It will thus be noted that the commitment was not specific as to the two different counts charged in the complaint.

[4] It is contended that while the depositions taken before the magistrate disclosed that probable cause existed for holding the accused for trial on the second count of the information (the count that was dismissed), there is no proof whatsoever revealed by said depositions tending to establish probable cause for holding the accused on the first count, and it is hence argued that the commitment must be construed to refer to and embrace the second count only.

There is no merit in the contention. The depositions taken before the magistrate clearly establish probable cause or reason for believing that the defendant committed both offenses at the times and places stated in the complaint and in the information. While it would perhaps have been the better practice for the magistrate to have specifically referred in his commitment to both offenses, it cannot be doubted that the order of commitment, considered by the light of the depositions, was sufficient to meet the requirements of the statute. It appears from the depositions that the defendant, when testifying in his own behalf before the magistrate, expressly admitted, in reply to a question by the district attorney, that he sold contraband liquor to the party named in the first count on the occasion stated therein. Manifestly, the magistrate was justified in making the order of commitment as to said count upon that admission. [5] Indeed, a magistrate is enjoined by law to commit a person to trial in the superior court for any offense which may be disclosed at the preliminary hearing by any testimony, from whatsoever source it may come, given before him.

[6] We do not understand what application the plea of once in jeopardy had to the case as it stood before the superior court after the dismissal of the offense charged in the second count of the information. Even if the mere fact of the dismissal of an information would have the effect of barring a further prosecution for the same offense (which is not the law where the information is dismissed for the purpose or with the intention of filing a new information), the plea of once in jeopardy in this case could under no conceivable circumstances be available to the defendant. As seen, the information was to all practical intents and purposes merely amended by eliminating therefrom one of the counts therein contained, and the withdrawal of the plea of not guilty was for the purpose of enabling the defendant to move to set aside the information on some ground or grounds which, as stated, are not made to appear in the record here. Obviously, jeopardy cannot attach under such circumstances.

We see no merit in this appeal. The judgment and the order are affirmed.

Plummer, J., and Finch, P. J., concurred.