[Crim. No. 12600.   Second Dist., Div. Four.   Aug. 3, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JERRY LEE HASTINGS, Defendant and Appellant.

James C. Monroe for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was convicted by the court of possession of heroin (Health & Saf. Code, § 11500). This is an appeal from the judgment.

Officers Comacho and Dismukes of the Los Angeles Police Department were told by members of the Santa Ana Police Department that they had information defendant and a Marilyn Sprague were dealing in heroin from an apartment located at 3820¼ Griffin, Los Angeles. An outstanding felony warrant existed for Sprague's arrest. They were also told that defendant was usually armed and would fight if given the chance. After receiving this information on January 25, 1965, the two officers staked out 3820¼ Griffin. They went there intending to arrest Sprague and, while at it, to investigate

the report defendant was dealing in narcotics. From his vantage point, at about 8:30 p.m. Comacho observed defendant come out and stand for a short time in front of the apartment. He recognized defendant from a photograph he had obtained. At approximately 10:15 p.m. Marilyn Sprague and a Jerry Modder drove up and parked in a parking area at the rear of the apartment. The officers walked over to their car and, after talking with them, placed them both under arrest. Modder was arrested because he appeared to be then under the influence of narcotics. Upon making the arrests, the officers searched the car. They found numerous balloons containing traces of what appeared to be heroin and two narcotics injection outfits. The officers (who were in plainclothes) then began to walk with Sprague and Modder toward the apartment.

At this time defendant emerged from the apartment and proceeded toward them. Comacho walked up to defendant and identified himself as a police officer. He turned defendant toward a wall and began to "pat him down" for weapons. He found an open knife in one of his trouser pockets. After removing the knife, the officer resumed the "pat-down" to determine if defendant was carrying any other weapons. He felt a bulge in his shirt pocket and asked him, "Is this stuff?" Defendant responded, "Yes, I guess it is." Defendant was then placed under arrest by Comacho and the object in his pocket was removed. It was a finger stall containing 10 capsules.

The capsules were subsequently tested, found to contain heroin and introduced against defendant.

Defendant contends the evidence found on his person was illegally secured and should have been excluded because the police wrongfully detained and questioned him.

A police officer may detain and question a person when the circumstances indicate such a course is necessary to the proper discharge of his duties. (*People* v. *One 1960 Cadillac Coupe*, 62 Cal.2d 92, 95-96 [41 Cal.Rptr. 290, 396 P.2d 706] ; *People* v. *Rogers*, 241 Cal.App.2d 384, 387 [50 Cal.Rptr. 559].) Contrary to defendant's assertion, the circumstances present in this case, as detailed in the statement of the facts, clearly justified the stopping and questioning of defendant. The pat-down search for weapons, undertaken by the officer, was plainly called for, especially in view of the information he had received about defendant's being armed

and dangerous. When, during this superficial search, the officer felt the bulge in defendant's pocket and defendant indicated it was heroin, there was reasonable cause of his arrest and, as an incident thereto, for the search which produced the contraband.

Defendant maintains that the evidence of his statement to the police officer was inadmissible because the officer had failed to warn him of his constitutional rights before he made it. Under the rules announced in *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] and *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], a warning is required where "the accusatory or critical stage" has been reached. (*People* v. *Stewart*, 62 Cal.2d 571, 577 [43 Cal.Rptr. 201, 400 P.2d 97].) Until defendant made the statement acknowledging that the bulge the officer felt in his pocket was heroin, and the officer had removed the contraband from the pocket, the accusatory stage had not yet been reached. The momentary detention and questioning which preceded defendant's statement was part of the investigatory process undertaken for the purpose of determining whether he had committed any crime. The statement was not made in violation of *Escobedo* and *Dorado*.

The judgment is affirmed..

Files, P. J., and Kingsley, J., concurred.