[Civ. No. 32959. Second Dist., Div. Two. May 10, 1968.]

EDDIE LEON THOMPSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY; Respondent; THE PEOPLE, Real Party in Interest.

100

Alan Saltzman for Petitioner.

No appearance for Respondent.

Evelle Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner is defendant in a criminal action, number A229289, now pending in the Superior Court for Los Angeles County, in which he is charged with posses-

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

sion of marijuana in violation of section 11530 of the Health and Safety Code. The information was filed February 15, 1968. On March 4, according to the minutes for that day, "Defendant's motion for dismissal under Section 995 Penal Code and motion to suppress evidence pursuant to Section 1538.5 Penal Code [were] argued and both denied."

On April 3, 1968, defendant filed the petition now before us for a writ of mandate directing the respondent court to suppress certain evidence or, in the alternative, for a writ of prohibition restraining that court from taking any further proceedings on the charge now pending against him. We issued an alternative writ commanding the respondent court to vacate its order denying defendant's motion under section 1538.5 and to grant that motion or to show cause why it had not done so. No return to that writ was filed by the respondent or by the real parties in interest. When the matter was called for hearing on the return day the petitioner and the People submitted the matter without oral argument.

We have concluded that alternative writ was improvidently issued and should now be discharged and that the petition should be denied because of the failure of petitioner to present an adequate petition and a proper record upon which this court might base a decision on the merits.

Section 1538.5, added to the Penal Code in 1967 (Stats. 1967, ch. 1537), provides that "(a) A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on the ground that: (1) The search or seizure without a warrant was unreasonable; or (2) The search or seizure with a warrant was unreasonable because (i) the warrant is insufficient on its face; (ii) the property or evidence obtained is not that described in the warrant; (iii) there was not probable cause for the issuance of the warrant; (iv) the method of execution of the warrant violated federal or state constitutional standards; or (v) there was any other violation of federal or state constitutional standards." When a search warrant is involved "the motion should be first heard by the magistrate who issued the search warrant" (subd. (b)), and "If the property or evidence relates to a felony offense initiated by a complaint, the motion may be made . . . at the preliminary hearing" (subd. (f)). It is further provided that "(c) Whenever a search or seizure motion is made in the municipal, justice or superior court as provided in this sec-

tion, the judge or magistrate shall receive evidence on any issue of fact necessary to determine the motion.''

Subdivision (i) of section 1538.5 provides that ''If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial and at least 10 days after notice to the people unless the people are willing to waive a portion of this time. The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing. After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion at the special hearing.''

We note further that, under subdivision (m), ''The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of the property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered against him.''[1]

■ Although section 1538.5 leaves much to be desired for the sake of clarity, it seems abundantly clear that a motion ''for the return of property or to suppress as evidence any tangible or intangible thing[2] obtained as a result of a search or seizure'' may be made *only* on one or more of the grounds set forth in subdivision (a), and that the grounds upon which the motion is based must be presented to the trial court, so that an appellate court may know whether the points thus made are well taken. ■ On this point it seems to us that the procedure is the same as that which must be followed in

---

[1]We do not here consider the possible effect of this subdivision (m) on the provisions of Penal Code, section 1540, which reads ''If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken.''

[2]Just what an ''intangible thing obtained as a result of a search or seizure'' might be is not clear.

making a motion under section 995. As the court said in *People* v. *Damazoni*, 65 Cal.App. 252, 254-255 [223 P. 1003], in a case arising under that section: "There is not before us a reviewable record upon the question whether the court did or did not err in denying the motion to set aside the accusatory pleading. As seen, the grounds of the motion are not stated, and it is, of course, impossible for us to say whether the court committed error in its action in denying the motion. All that the record shows as to this matter is the following: 'The defendant now interposes a motion to set aside the first count of the information.' . . . It is a proposition requiring no discussion that, in order that a defendant may avail himself of the right to have an information filed against him set aside, the ground or grounds upon which he bases that right must be presented so that the court may know whether the point thus made by him is or is not well taken. It would seem that authorities in confirmation of this proposition need not be cited." ▮ It also seems clear that the judge who hears the motion "shall receive evidence on any issue of fact necessary to determine the motion" (subd. (c)), including, of course, the transcript of the preliminary hearing. ▮ As noted above, subdivision (i) provides that "The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing." As we read this provision, it means that the defendant has the right to litigate the validity of the search or seizure de novo in the superior court and then, if his motion to suppress is denied, to seek a review thereof by a writ of mandate or prohibition, as provided in the closing sentence of subdivision (i), or on an appeal from the judgment after his conviction as provided in subdivision (m).

We are satisfied that when the defendant whose motion to suppress has been denied elects to relitigate the question by seeking an extraordinary writ, this court may consider the validity of the search or seizure *only* on the basis of the motion made by defendant and denied by the trial court and then *only* "on the basis of the evidence presented at [the] special hearing." To put it otherwise, when, in such a case, a defendant seeks an extraordinary writ to review the decision of the trial court, this court must be sufficiently advised of the motion and of the grounds upon which it was made,[3] and

---

[3]Although section 1538.5, subdivision (i), provides that the motion must be made on "at least 10 days . . . notice to the people," there

must be furnished with a transcript of the evidence presented at the special hearing. In the absence thereof, this court would have no record before it on which to base a decision on the merits, much less on which to determine whether an alternative writt should issue.

▉ When a petition for an extraordinary writ is filed with an appellate court within 30 days after the denial of the defendant's motion (§ 1538.5, subd. (i)), the responsibility for furnishing that court with a copy of the transcript of the proceedings at the special hearing rests with the defendant. Section 1539 of the Penal Code, which was added by the same act of the Legislature in 1967, provides: ''(a) If a special hearing be held in the superior court pursuant to Section 1538.5, . . . the judge . . . must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated by a shorthand reporter in the manner prescribed in Section 869. (b) The reporter shall forthwith transcribe his shorthand notes pursuant to this section if any party to a special hearing in the superior court files a written request for its preparation with the clerk of the court in which the hearing was held. The reporter shall forthwith file in the superior court an original and as many copies thereof as there are defendants (other than a fictitious defendant) or persons aggrieved. The reporter shall be entitled to compensation in accordance with the provisions of Section 869. In every case in which a transcript is filed as provided in this section, the county clerk shall deliver the original of such transcript so filed with him to the district attorney immediately upon receipt thereof and shall deliver a copy of such transcript to each defendant (other than a fictitious defendant) upon demand by him without cost to him.'' It is clear from this section that, in order to obtain the necessary transcript, the defendant *must* file a written request for its preparation with the clerk of the court in which the hearing is held, and that, when his copy of the transcript is delivered to him, the defendant must file it with this court to be considered in support of his petition.[4] The duty of the

is no provision that the notice of motion must be in writing. If, in the absence of a written notice, the motion is made orally, the motion and the grounds on which it is made must be reflected in the transcript of the special hearing.

[4]This court is aware that certain unavoidable delays may be encountered in the respondent court in obtaining the transcript of the proceedings at the special hearing even when a written request therefor has been filed with the clerk pursuant to Penal Code, section 1539. In such a

clerk is discharged when he delivers a copy of the transcript to the defendant.

The petition in this case was filed April 3, 1968. In fairness to petitioner we have examined the file of the superior court in his case.

In disposing of this matter we note that defendant's motion under section 995 of the Penal Code was denied March 4, 1968. No timely relief from that ruling was sought under section 999a. It has thus been established that, as the case now stands, defendant has been legally committed by a magistrate, on the charge set forth in the information, and that there was reasonable or probable cause to thus commit him.

The petition alleges that defendant's motion to suppress evidence under section 1538.5 of the Penal Code was denied. That much the file of the trial court shows, but no more. There was no written notice of the motion and the minutes of the trial court and the record before us are silent as to the grounds on which it was made.

The petition alleges that pursuant to the stipulation of the parties the motion was "heard and determined upon the basis of the preliminary examination transcript." To have any validity, such an oral stipulation must be entered in the minutes of the court or must at least be reflected in the transcript of the proceeding. (See 46 Cal.Jur.2d, Stipulations, §§ 12, 13, pp. 23-29.) No such stipulation is entered in the minutes of the court.

 Petitioner seeks a writ of mandate requiring the trial court "to suppress all items seized pursuant to the searches conducted on January 22, 1968, as is more specifically set forth in Paragraph III of this Petition." Paragraph III of the petition reads: "The basis of the aforesaid Information No. A229-289 was the testimony educed and evidence introduced at said preliminary hearing held on February 2, 1968. Said testimony and evidence revealed, in essence, that on or about January 22, 1968, Los Angeles Police Officer Paul M. Sprencz, conducted a search of Petitioner's vehicle, after having stopped the vehicle in connection with a traffic violation, and seized certain items of personal property found as a result of that search." Again, in paragraph VIII, petitioner complains that "said evidence seized on January 22, 1968, as

case the petition must be filed within 30 days after the motion is denied, and this court must be advised that the transcript has been requested and will be filed with this court as soon as it is received from the clerk of the court.

aforesaid, was illegally obtained in violation of Petitioner's rights as quaranteed [*sic*] by the Fourteenth Amendment to the United States Constitution. Specifically, said evidence was seized without a search warrant and not incident to a lawful arrest nor pursuant to consent given by Petitioner." Nowhere does petitioner describe the evidence which was seized on January 22, 1968, or the evidence which he sought to have suppressed by his motion. In the absence of such a description, this court is not required to search the transcript of the preliminary hearing which has been filed with us to determine whether petitioner has any basis for his motion or for the relief he seeks here.

 Finally, we note that no transcript of the proceedings before the trial court on defendant's motion to suppress has been furnished to us. True, defendant says in his petition that the trial court considered the motion on the basis of the transcript of the preliminary hearing, and that no additional evidence was offered by either party. In this proceeding, however, we are required to determine the matter on the basis of the record of the trial court. A transcript of those proceedings was readily available to defendant upon his written request. (Pen. Code, § 1539.) Defendant cannot fairly complain if we decline to determine his petition on the merits when he has failed to furnish us with that record. When a motion to dismiss a count of an information under section 995 has been denied, that ruling is not reviewable by an appellate court in the absence of the transcript of the preliminary examination. Where that transcript is not brought up, error cannot be assumed in its absence. (*People* v. *Scott,* 24 Cal.2d 774, 777 [151 P.2d 517] ; *People* v. *Garza,* 160 Cal.App.2d 538, 544 [325 P.2d 200] ; *People* v. *Chavez,* 208 Cal.App.2d 248, 253 [24 Cal.Rptr. 895].) So here, it seems to us that the action of the trial court in denying a motion to suppress evidence under section 1538.5 is not reviewable in the absence of a transcript of the proceedings before that court on the special hearing of that motion.

 Apparently, when a motion to suppress evidence under section 1538.5 is denied and the evidence is used against him, resulting in a conviction, defendant may seek a further review of the validity of the search or seizure on appeal from the judgment of conviction. He may even seek such a further review on appeal "notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defend-

ant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.'' (Pen. Code, § 1538.5, subd. (m).) In these circumstances a defendant is not prejudiced by a summary denial of his petition for an extraordinary writ under subdivision (i) of that section because of his failure to submit an adequate record to this court.

The alternative writ of mandate is discharged. The petition for a peremptory writ of mandate, or, in the alternative, for a peremptory writ of prohibition is denied.

Herndon, Acting P. J., and Fleming, J., concurred.

A petition for a rehearing was denied May 27, 1968, and the opinion was modified to read as printed above.