[Civ. No. 33658.  Second Dist., Div. Four.  Jan. 23, 1969.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent; MICHAEL PAUL PALMERI, Real Party in Interest.

David D. Minier, District Attorney, Donald W. Lobitz and Robert L. Monk, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Sherman & Sturman, Harry E. Weiss and Richard G. Sherman for Real Party in Interest.

KINGSLEY, J.—The real party in interest was charged, in the Superior Court of Santa Barbara County, with violations of section 11530.5 of the Health and Safety Code (possession of marijuana for sale) and of section 11911 of the same code (possession of LSD for sale).  ▆  He duly moved, pursuant to section 1538.5 of the Penal Code, to sup-

press certain evidence used against him at the preliminary examination, on the ground that it was illegally obtained. The motion was made, heard and submitted. On August 13, 1968, the court made, signed and filed a Memorandum of Decision and Order, the order reading: "Defendant's motion to suppress, filed June 10th, 1968, is granted." Thereafter, on August 16, 1968, at the request of the People (but without any further hearing so far as we are advised), the court made another order, reading as follows:

"The above entitled matter having been fully argued and taken under advisement by the Court and said Court having rendered its ruling on August 13th, 1968 at this time amended its ruling to read defendant's motion to suppress, filed June 10, 1968, is granted; denied as to narcotic paraphernalia." On the original of the August 13th order, there appears, in pen and ink, the words "Denied as to narcotic paraphernalia."

On September 16, 1968, the People filed, in this court, a document entitled "Petition for Writ of Prohibition," reciting that "On August 13th and 16th, 1968, the Honorable W. P. Butcher, of the Superior Court of the County of Santa Barbara, made and entered an order granting defendant's motion to suppress evidence," and purportedly seeking a review of "the" order. We issued an alternative writ and set the matter for oral argument.

The Real Party in Interest asks us to dismiss the petition on two grounds: (1) That it was not filed within the 30 days allowed by subdivision (1) of section 1538.5; and (2) That, assuming it was filed in time, it was insufficient to toll the running of the statutory period because it did not state a cause of action for relief within the rules laid down in *Thompson* v. *Superior Court* (1968) 262 Cal.App.2d 98 [68 Cal. Rptr. 530].

Since we hold that the first ground is valid, we do not reach the second contention.

Clearly, if the 30-day period began to run on August 13th, the petition filed here was too late; however, if the time ran from the August 16th "correction," then it was in time (September 15th having been a Sunday). We conclude that it was the first, August 13th, order which started the time to run. Assuming that the "correction" on August 16th was valid,[1] clearly it was not a ruling adverse to the People, since

---

[1]There are matters appearing in the record which suggest that the August 16th order may have been intended as a *"nunc pro tunc"* correc-

it eliminated from the suppression originally ordered a part of their evidence. The only order adverse to the People, and therefore the only order which they may review here, was that of August 13th. As is admitted, the attempt to review that order came too late.

The alternative writ is discharged as improvidently issued; the petition is dismissed.

Files, P. J., and Wapner, J. pro tem.,* concurred.

---

tion of a clerical error. But the correcting order does not so state; in any event, the time would still have run from August 13th as against a party not prejudiced by the correction. If the ''correction'' was not a valid *nunc pro tunc* order, there exists a serious question as to the power of the trial court, at least without vacating the earlier order and granting a rehearing, to amend a final order once entered. Since we hold that the August 16th order is not before us in this proceeding, we do not, and cannot, determine these interesting issues.

*Assigned by the Chairman of the Judicial Council.