[Civ. No. 12357. Third Dist. Oct. 23, 1969.]

MARK LEWIS AMACHER, Petitioner, v. THE SUPERIOR COURT OF YOLO COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

## COUNSEL

E. Richard Walker, Public Defender, and Donald Ross, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Elliott D. McCarty, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**REGAN, J.**—Petitioner seeks a writ of prohibition after the denial of his motions under Penal Code sections 995 (to set aside the information) and 1538.5 (to suppress evidence). He is being tried for possession of marijuana. (Health & Saf. Code § 11530.)

### FACTS

In the evening of March 12, 1969, Officer Bowman and three other members of the Woodland Police Department went to the home of one Karen Sogge to execute an arrest warrant for her. The warrant was either for possession of marijuana, or for being in a place where marijuana was used. When she answered the door and identified herself, Officer Bowman informed her that he had a warrant for her arrest, and the officers stepped in and handed her the warrant.

Officer Bowman saw petitioner sitting on a couch in the front room as he entered. Bowman asked if he was "carrying," and he replied, "No." Bowman then asked petitioner to stand up for a pat frisk. Bowman testified he was concerned for the safety of himself and the others in the room, that petitioner had a reputation for being hostile to police officers, and that he habitually pats down such hostile people when he encounters them at night. Petitioner also had a reputation of using marijauna. Bowman admitted that he saw no quick movements by petitioner, that he saw nothing suspicious, that he did not smell marijuana, and that he had no knowledge of petitioner's having caused physical harm to anyone, or of his ever carrying a gun.

In frisking petitioner, Bowman felt a hard object in a front jacket pocket. Bowman removed it and found it to be a closed flip-top Marlboro cigarette container. Bowman opened the box because "[i]t is a known fact that anyone that is carrying will have a tendency to carry their marijuana cigarettes concealed within a regular box of commercial cigarettes." Inside

the box were two hand-rolled cigarettes, stipulated for the preliminary examination to contain useable quantities of marijuana.

When an officer has occasion to question or confront a citizen he may under certain circumstances make a self-protective frisk of the citizen even though he does not have probable cause to arrest. That is the rule in California (see *People* v. *Mickelson* (1963) 59 Cal.2d 448, 450-451 [30 Cal.Rptr. 18, 380 P.2d 658]), and the practice has been approved by the U.S. Supreme Court in *Terry* v. *Ohio* (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868]. When the prosecution seeks to justify a warrantless search by this rule two problems arise: "whether the officer's action was reasonably justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." (*Terry* v. *Ohio, supra,* 20 L.Ed.2d at p. 905.) The search here rasies both these problems.

In *Terry* v. *Ohio, supra,* a plainclothes police officer saw two men each walk five or six times back and forth before a certain store window, each time peering intently inside. After watching this "elaborately casual and oft-repeated reconnaisance" the officer suspected that the two men were casing the place for a stickup. He confronted them, identified himself and asked their names. When they only mumbled replies, he frisked them and found a concealed gun on Terry. The court upheld Terry's conviction for carrying a concealed weapon on the grounds that while the officer did not have probable cause to make an arrest, the suspicious circumstances did give him the right to interfere with their freedom by questioning them. And because it is likely that the men were armed if they in fact were planning a daylight robbery of the store, the officer was also justified in frisking them for his own protection. The court concluded "that there must be a narrowly drawn authority to permit a reasonable search for weapons for protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." (*Terry* v. *Ohio, supra,* 20 L.Ed.2d at p. 909.)

In a companion case, *Sibron* v. *New York* (1968) 392 U.S. 40 [20 L.Ed.2d 917, 88 S. Ct. 1889] the court held that there was no justification for a frisk. There the officer saw Sibron, a stranger about whom he knew nothing, talking with a number of known narcotics addicts. He heard nothing of the conversations and saw nothing pass between them. The officer called Sibron outside a restaurant and said, "You know what I am after." Sibron reached into a pocket, and the officer reached his hand into the same pocket, finding heroin. The court said there was no probable cause for an arrest, but that the search might have been justified "if he had reasonable cause to believe that Sibron was armed and dangerous." (20

L.Ed.2d at p. 935.) The court concluded that there was no reasonable cause for such belief. "The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. . . . In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." (20 L.Ed. 2d at p. 935.)

■  Whether a self-protective frisk is justified depends on the circumstances before the officer. Officer Bowman had personally had words with petitioner when he stopped him for a traffic violation. He knew that petitioner had had numerous hostile run-ins with other officers, and that petitioner had little or no respect for law enforcement officers. Other officers had told Bowman that petitioner was a local user and pusher of marijuana. Officer Bowman was concerned if petitioner was armed he might attack the officers during their arrest of Miss Sogge. Under these circumstances, the officer's concern that his safety might be in danger was reasonable.[1] (Cf. *People* v. *Hastings* (1967) 253 Cal.App.2d 191, 193 [61 Cal.Rptr. 275].) Annually in this country there are a great number of attacks upon police officers resulting in injury and death. It is unreasonable to require police officers to take unnecessary risks in the performance of their duties. (See, *Terry* v. *Ohio, supra,* 20 L.Ed.2d at p. 907; *People* v. *Armenta* (1968) 268 Cal.App.2d 248, 252 [73 Cal.Rptr. 819].)

■  Although the self-protective frisk was justified, the opening of the cigarette package does not meet the second prong of the *Terry* test. The self-protective frisk was justified by the officer's fear of an attack by the defendant during the transportation of Miss Sogge to the police car. The officer admitted that his concern ended when he saw that the hard object in petitioner's pocket was a cigarette package rather than a weapon. He testified that he opened the package not in search of a weapon, but in search of marijuana. At that point the scope of the search was no longer reasonably related to the circumstances which justified the frisk.

■  Nor can we accept the Attorney General's argument that Officer Bowman had probable cause to arrest petitioner, and that the search of the cigarette package was incident to a lawful arrest. Bowman had learned of petitioner's marijuana activity from other officers who had obtained their information from unidentified informants. He had no information from anyone that petitioner might have marijuana in his possession at the time of the arrest. He knew only that a supposed marijuana user possessed a

---

[1]"[W]hile we do not hold the rule set forth in *Mickelson* is per se operative indoors, the circumstances confronting the officers here were not substantially different from situations outdoors where under *Mickelson* similar detentions have been authorized." (*People* v. *Machel* (1965) 234 Cal.App.2d 37, 46 [44 Cal.Rptr. 126].)

commercial cigarette package. That was not sufficient information for the officer to believe that a felony had been committed. (*People* v. *Privett* (1961) 55 Cal.2d 698, 701-702 [12 Cal. Rptr. 874, 361 P.2d 602].)

■ Petitioner did not file his petition seeking a writ of prohibition until 18 days after the trial court denied his two motions. Denial of a section 995 motion to set aside the information is not reviewable after 15 days. (Pen. Code, § 999a; *Bernstein* v. *Superior Court* (1955) 45 Cal.2d 774 [291 P.2d 29].) Denial of a section 1538.5 motion to suppress evidence may be reviewed within 30 days. (Pen. Code, § 1538.5, subd. (i).) We reject the Attorney General's argument that despite its timely filing we may not consider this petition because of the absence of a copy of the motion made in the trial court and of a transcript of the hearing on the motion. The special transcript allowed by Penal Code section 1539 was apparently not prepared. Petitioner alleges, and the Attorney General concedes, that the section 1538.5 motion was submitted to the trial court for decision on the basis of the transcript of the preliminary examination. The record does not contain a copy of the section 1538.5 motion, which was apparently made orally in the trial court. The practice of making section 1538.5 motions orally was accepted without discussion in *People* v. *O'Brien* (1969) 71 Cal. 2d 394 [78 Cal.Rptr. 202, 455 P.2d 138]. We thus do not follow *Thompson* v. *Superior Court* (1968) 262 Cal.App. 2d 98, 103 [68 Cal.Rptr. 530], where the court refused to consider a petition which did not contain a copy of the section 1538.5 motion or any showing that the transcript of the preliminary examination presented had been the basis of the trial court's decision. We also note that petitioner here has specifically described the evidence which is the basis of his motion, whereas the petitioner in *Thompson* did not advise the court which of several seizures he was contesting.

Let a writ of prohibition issue pursuant to Penal Code section 1538.5 to suppress the evidence found in the cigarette container.

Pierce, P. J., and David, J. pro tem.,* concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied December 17, 1969.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.