[Civ. No. 27482.  First Dist., Div. Two.  Dec. 19, 1969.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
ERNEST ARTHUR NEBIOLINI et al., Real Parties in Interest.

**COUNSEL**

Keith C. Sorensen, District Attorney, and Robert Bishop, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

**TAYLOR, J.**—Petitioner asks for a writ of prohibition to restrain the superior court from enforcing its order returning moneys, seized under search warrants, from Nebiolini, Frugoli and Gunter, and, pursuant to an arrest, from Becker (real parties in interest). The court's order of return was pursuant to a motion made by real parties in interest under section 1538.5 of the Penal Code.[1]

The facts disclose that much of the property ordered returned was seized under valid search warrants, which recited, on proof by affidavit, as follows:

---

[1]Section 1538.5, subdivision (o) of the Penal Code (added by Stats. 1967, ch. 1537) provides, so far as pertinent, that "Within 30 days after a defendant's·motion is granted at a special hearing in the superior court, the people may file a petition for writ of mandate or prohibition, seeking appellate review of the ruling regarding the search or seizure motion."

"That there were used by the said [real parties in interest] and others, and it is intended that there be used as the means of committing said offenses, the following described articles and property:

"Daily bulletins, owe sheets (records of money owed on bets); scratch sheets, markers (records of bets made); racing forms, basketball cards . . . blackboards, tape recorders, *United States currency* or other memoranda thereof used for bookmaking pay-offs and received from bookmaking activities . . ." (Italics added.)

Under these warrants the sum of $47.65 was taken from the person and premises of Nebiolini at Ernie's Barber Shop in South San Francisco, $159 from the person of Frugoli at the New Southern Restaurant in South San Francisco, and a total of $676.65 from the person, premises and automobile of Gunter at Welte's Bar in South San Francisco. An unknown sum of money was seized from Becker, pursuant to her arrest. No money was taken from Pasco. Returns showing the seizure of the money and numerous other items constituting evidence of bookmaking activities were filed.

On September 15, 1969, the grand jury returned an indictment against real parties in interest accusing them of the following felonies: violations of Penal Code section 337a (bookmaking) and Penal Code section 182 (conspiracy). On October 7, 1969, real parties in interest filed a written notice of motion for order for release of the above described moneys held by the district attorney's office.

In support of the motion for return of the property, counsel for real parties in interest, Thomas L. Bocci, submitted the following declaration: "That your declarant has reviewed the affidavits supported by search warrants issued at the request of the District Attorney in regard to the above proceedings and has not uncovered any allegations, representations or averments therein that would warrant the retention of said money by the said District Attorney's office; that said monies do not constitute evidence, was not marked money, and was not used for bookmaking purposes; that said money is the property of each of those defendants in those amounts for which the receipt of the District Attorney's office has issued." The court ordered the return of the funds unless the district attorney could show that it ". . . is special money of some kind, marked as coming from some specific source."

Petitioner here argues (1) that the search warrants specifically authorized seizure of the property; (2) that the money was evidence; and (3) that the court had no power to return it because real parties in interest had not set forth any of the reasons for the return of property specified in

Penal Code section 1538.5, subdivision (a). We agree with these contentions.

Penal Code section 1538.5, subdivision (a), provides as follows: "A defendant may move for the *return of property* or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on the ground that:

"(1) The search or seizure without warrant was unreasonable; or

"(2) The search or seizure with a warrant was unreasonable because (i) the warrant is insufficient on its face; (ii) the property or evidence obtained is not that described in the warrant; (iii) there was not probable cause for issuance of the warrant; (iv) the method of execution of the warrant violated federal or state constitutional standards; or (v) there was any other violation of federal or state constitutional standards." (Italics added.)

It is well settled that a motion for the return of property obtained as a result of a search and seizure may be made *only* for one or more of the reasons set forth in Penal Code section 1538.5, subdivision (a). The Legislature has set forth therein a comprehensive plan and clearly intended that the grounds enumerated be exclusive. As stated in *Thompson* v. *Superior Court,* 262 Cal.App.2d 98, 102 [68 Cal.Rptr. 530]: "Although section 1538.5 leaves much to be desired for the sake of clarity, it seems abundantly clear that a motion 'for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of search or seizure' may be made *only* on one or more of the grounds set forth in subdivision (a), and that the grounds upon which the motion is based must be presented to the trial court, so that an appellate court may know whether the points thus made are well taken."

Here, there is no contention by real parties in interest that the *seizure* of the currency in question was unreasonable and none of the grounds for a return of the property prescribed in section 1538.5, subdivision (a) are alleged in the affidavit supporting the motion of real parties in interest. The statements contained in the search warrants and the contention of the district attorney at the special hearing indicate that the money in question was not only subject to being introduced into evidence but that its introduction was intended. The People's case could be seriously prejudiced by the trial court's order of return since Penal Code section 1538.5, subdivision (d) provides that "If a . . . motion is granted . . . the property or evidence shall not be admissible against the movant at the trial. . . ." (see Witkin, Cal. Evidence, (2d ed.) 1967 Supp., p. 10).

Let a peremptory writ of prohibition issue restraining the trial court from enforcing its order of return of personal property.

Shoemaker, P. J., and David, J. pro tem.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.