[Civ. No. 35668. Second Dist., Div. Four. Feb. 27, 1970.]

LEROY ALLEN MESARIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Freedman & Osborne and Carl K. Osborne for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KINGSLEY, Acting P. J.**—Petitioner seeks a writ of prohibition to review an order of respondent court denying a motion made by him, purportedly under section 1538.5 of the Penal Code, to suppress evidence against him.

Acting on the representations made to us in his petition, and on the record presented in support thereof, we granted an alternative writ of mandate. The return filed by the People has disclosed that our writ was issued on an inaccurate assumption as to the facts and that it should be vacated and the petition dismissed.

Petitioner was duly charged with the crime of possession of marijuana for sale, in violation of section 11530.5 of the Health and Safety Code. He moved to dismiss the information pursuant to section 995 of the Penal Code and also moved to suppress the physical evidence against him, pursuant to section 1538.5 of that code. The motions were submitted on the transcript of the preliminary examination and were denied. Petitioner thereafter pled guilty to a violation of section 11530 of the Health and Safety Code, a lesser and included offense. Subsequently, and after an adverse probation report had been filed, petitioner was allowed to withdraw his guilty plea and enter one of not guilty. He was also allowed to renew his motion to suppress, which was again submitted, without argument and on the same record. The motion was again denied and the present petition is directed to a review of that second denial.

The People urge: (1) that the present petition is not timely; and (2) that the petitioner has not presented to this court a record complying with the requirements laid down in *Thompson* v. *Superior Court* (1968) 262 Cal. App.2d 98 [68 Cal.Rptr. 530]. We conclude that the second contention is valid and that we need not consider the first.[1]

---

[1]The timeliness argument is based on the theory that only one motion may be made under section 1538.5; that the trial court had no jurisdiction to entertain the renewed motion; and, thus, that that order was a nullity, leaving only the original order to

As was pointed out in *Thompson,* we cannot pass on contentions made here unless they were urged in the trial court and were there determined; and we can know what occurred in the trial court only if we are furnished with an adequate record of the proceedings there. But the only record of the superior court that relates to the hearing on the renewed motion and to the order there made, which is the only order now before us, is a brief reporter's transcript which shows that the motion was submitted, at that hearing, on the same transcript of the preliminary examination as had been used at the first hearing and "on the prior argument" as made at that first superior court hearing. ■ It is true that a transcript of the preliminary examination has been filed with us, and that that transcript discloses that certain objections were made before the magistrate and that they were overruled by him. But, lacking a transcript of the first argument in the superior court, we do not, and cannot, know whether or not those objections were urged on the superior court, nor whether other contentions were there made, nor what arguments were presented to the superior court, nor what factual findings (if any) were made in the superior court. In a proceeding to review an order made under section 1538.5, we review that action of the superior court, not (as in proceedings under § 999a) the action of the magistrate. On this record we cannot rule on the objections raised—so far as we know for the first time—in the petition before us.

The alternative writ, heretofore issued in this case, is recalled and vacated as inadvertently issued; the petition is dismissed.

Dunn, J., and Alarcon, J. pro tem.,* concurred.

A petition for a rehearing was denied March 11, 1970, and petitioner's application for a hearing by the Supreme Court was denied April 22, 1970.

---

review—an order made long beyond the time permitted for review by writ. As we indicate, we need not, and do not, pass on the procedural point thus raised, other than to point out that *People* v. *O'Brien* (1969) 71 Cal.2d 394 [78 Cal.Rptr. 202, 455 P.2d 138], dealing with renewal of a motion at trial, while significant, does not necessarily apply to a renewal prior to trial.

*Assigned by the Chairman of the Judicial Council.