Filed 6/24/16  P. v. Hull CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DUANE HULL, <br><br> Defendant and Appellant. | B269176 <br><br> (Los Angeles County <br> Super. Ct. No. TA112864) |

THE COURT:*

Defendant and appellant Duane Hull appeals from the denial of his motion to vacate the judgment entered against him.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues.  After we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered, defendant submitted a supplemental brief in which he argues that the trial court lacked jurisdiction because the original felony complaint was defective.  We have reviewed the entire record and find no merit to defendant's contention and no other arguable issues.

---

\*      BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

The original felony complaint was filed in July 2010, accusing defendant of first degree residential burglary, in violation of Penal Code section 459,[1] and alleging that he had suffered prior serious or violent felony convictions. Defendant was held to answer by the magistrate, and the cause was transferred to the superior court for trial. A jury subsequently convicted defendant of the offense and the trial court sentenced him to a total term of 22 years in prison.[2]

In October 2015, defendant filed his motion to vacate, challenging the jurisdiction of the trial court on the ground that although the original complaint recited that the declarant and complainant was the investigating officer, Jason Quebec, it was signed by someone else "for" Jason Quebec. On November 2, 2015, the trial court denied the motion upon finding that defendant had been found guilty by a jury after trial. Defendant filed a timely notice of appeal from the court's order.

In his supplemental brief, defendant contends, as he did below, that the trial court lacked jurisdiction over him, because the complaint was executed in violation of section 806 and Code of Civil Procedure section 2015.5.[3]

"A felony complaint, unlike a misdemeanor complaint, does not confer trial jurisdiction. It invokes only the authority of a magistrate, not that of a trial court. (§ 806.)" (*Serna v. Superior Court* (1985) 40 Cal.3d 239, 257; see §§ 806, 813.) The jurisdiction of the trial court does not attach until the magistrate has held the defendant to

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] We have summarized some procedural facts from our opinion affirming the judgment entered against defendant in this case. (See *People v. Hull* (Feb. 28, 2012, B231467 [nonpub.opn.].).)

[3] In relevant part, section 806 provides: "A proceeding for the examination before a magistrate of a person on a charge of a felony must be commenced by written complaint under oath subscribed by the complainant and filed with the magistrate. Such complaint may be verified on information and belief. . . ." Code of Civil Procedure section 2015.5 provides that any oath or verification required by law may be made by declaration or certification under penalty of perjury.

2

answer.  (*Wells v. Justice Court* (1960) 181 Cal.App.2d 221, 224-225.)  Any objection to the complaint must be made prior to the defendant's commitment to superior court, as once that happens, the complaint is *functus officio*.  (*Id*. at p. 225.)  The trial court did not lack jurisdiction in this case as the magistrate held defendant to answer and committed him to the superior court for trial.  Thus there was no error in the denial of defendant's motion to vacate the judgment.

Upon examination of the entire record, we are satisfied that defendant's appellate counsel has complied with his responsibilities and that no arguable issue exists.  We conclude that defendant has received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The order denying defendant's motion to vacate judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.