[Civ. No. 43140. First Dist., Div. Two. Jan. 11, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO JUDICIAL
DISTRICT OF THE CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent;
ARTHUR B. WHITE, Real Party in Interest and Appellant.

**COUNSEL**

Thomas E. Bruyneel and V. Roy Lefcourt for Real Party in Interest and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**TAYLOR, P. J.**—Arthur B. White, real party in interest, appeals[1] from an order of the superior court granting the People's writ of mandamus reinstating White's prior felony conviction and directing the municipal court to vacate its order reducing count II, a felony charge, to a misdemeanor. ■ ■■■■ White contends that the superior court erred in issuing the peremptory writ as: 1) he was charged in count II with a felony/misdemeanor "wobbler,"[2] pursuant to Penal Code section 12025, subdivision (b), and, therefore, the municipal court, acting as a magistrate, had authority, pursuant to Penal Code section 17, subdivision (b)(5), to deem the offense a misdemeanor; and, in the alternative, that 2) if he was charged with a felony under Penal Code section 12025, subdivision (b), the magistrate had authority either pursuant to Penal Code section 17, subdivision (b)(5), to strike the prior conviction, or pursuant to Penal Code section 1385, to dismiss the prior conviction, rendering the charge a misdemeanor. For the reasons set forth below, we have concluded that the order granting the writ must be affirmed.

The record reveals the following pertinent facts: About May 2, 1977, a complaint was filed in municipal court charging White as follows: Count I with ownership and possession of a concealable firearm after having previously been convicted of a felony, a felony or misdemeanor (Pen. Code, § 12021); in count II with carrying a concealed firearm after having previously been convicted of a felony[3] (Pen. Code, § 12025, subd. (b)); and in count III with carrying a loaded firearm in a public place, a misdemeanor (Pen. Code, § 12031).

---

[1] The People argue that the notice of appeal filed July 13, 1977, was premature and untimely, as it preceded by eight days the superior court's issuance of the writ on July 21, 1977, instead of being filed within 60 days afterwards, as required by California Rules of Court, rule 31(a). California Rules of Court, rule 31(a), also provides, so far as here pertinent: "A notice of appeal filed prior to the time prescribed therefor is premature but may, in the discretion of the reviewing court for good cause, be treated as filed immediately after the rendition of the judgment or the making of the order." The record, however, indicates that the superior court announced its intended decision to grant the writ on June 23, 1977, and signed the peremptory writ on July 5, 1977. We, therefore, conclude that there was "good cause" for the premature filing of the notice of appeal here and treat it as filed immediately after the making of the order granting the peremptory writ.

[2] A "wobbler" is a public offense which may be either a felony or a misdemeanor.

[3] The prior felony charge was a violation of Health and Safety Code section 11350, unlawful possession of a specific controlled substance.

In May 1977, White was arraigned before a magistrate and preliminary hearing was set for May 17, 1977. At the preliminary hearing, the magistrate, the Honorable Ollie Marie-Victoire, reduced counts I and II to misdemeanors. The district attorney contended that the magistrate did not have the authority to reduce count II to a misdemeanor. The matter was continued to May 19, 1977. On that date, the magistrate struck the prior felony conviction alleged in count II, and stated that she would allow her previous order reducing counts I and II to misdemeanors to stand.

On June 7, 1977, the district attorney filed the instant petition for a writ, challenging the magistrate's order of May 19, 1977, which reduced count II to a misdemeanor and struck the prior felony. The writ was granted and the magistrate directed to vacate her order reducing count II, reinstate the prior felony and to hold White to answer on all three counts which were ordered transferred to the superior court.

■ We turn first to White's contention that he was charged by count II with a felony/misdemeanor "wobbler," pursuant to Penal Code section 12025 and, therefore, the magistrate had authority to deem the offense a misdemeanor, pursuant to Penal Code section 17, subdivision (b)(5). Penal Code section 17, subdivision (b)(5) provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . .

"(5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, *the magistrate determines that the offense is a misdemeanor,* in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Italics added.)

Thus, by its terms, Penal Code section 17, subdivision (b)(5) empowers a magistrate to hold a defendant to answer to a misdemeanor where the complaint charges a public offense which may be either a felony or misdemeanor.

However, we cannot agree with White's argument that Penal Code section 12025, subdivision (b), provides "wobbler" status to those carrying a concealed weapon who have previously been convicted of a crime against the person, property, or a narcotics or dangerous drug violation.[4]

---

[4]As authority for his view, White relies upon 7 Pacific L. J. 373. We note that this article ignores the last sentence of Penal Code section 12025, subdivision (b), which

A careful reading of the legislative history of section 12025, subdivision (b), is necessary to determine when "wobbler" status is provided. When first introduced on March 31, 1975, Legislative Counsel explained the bill (Assem. Bill No. 1333) as follows: "Under existing law any unlicensed person who carries a concealed pistol, revolver or other concealable firearm upon his person or in a vehicle under his direction and control is guilty of a misdemeanor, and *if he has been convicted previously of any felony* or of any crime made punishable by the Dangerous Weapons Control Law,[5] *is guilty of a felony*. [¶] This bill would make such unlicensed concealed carrying of such a firearm a felony in all cases of carrying a concealed weapon upon the person." (Italics added.) Clearly, the bill did not provide for "wobbler" status for any violator. Additionally, any violator with a prior felony conviction would be guilty of a felony. A violator without a prior felony is a misdemeanant.

Assembly Bill No. 1333 was then amended in the Assembly on May 8, 1975. As amended, the bill was explained as follows: "Under existing law any unlicensed person who carries a concealed pistol, revolver or other concealable firearm upon his person or in a vehicle under his direction and control is guilty of a misdemeanor, and *if he has been convicted previously of any felony* or of any crime made punishable by the Dangerous Weapons Control Law, *is guilty of a felony*. [¶] This bill would make such unlicensed concealed carrying of such firearm *punishable alternatively* as a felony or misdemeanor in all cases of carrying a concealed weapon upon the person *where there was no such previous conviction*" (italics added). The bill thus accorded "wobbler" status to those violators who did not have any prior felony convictions and who did not have any prior convictions under the Dangerous Weapons' Control Law. Violators with previous felony convictions were still guilty of a felony. The identical analysis followed the Assembly's June 11, 1975, amendment to the bill.

The bill was again amended on September 11, 1975. As finally amended to its present version,[6] the bill was summarized as follows by

provides: ". . . if [any violator] has been convicted previously of any felony . . . [he] is guilty of a felony."

[5]Penal Code section 12025 is part of the Dangerous Weapons' Control Law.

[6]Penal Code section 12025, subdivision (b), provides: "*Any person who carries concealed upon his person* any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to carry such firearm as provided in this chapter is guilty of a misdemeanor, *except any person, having been convicted of a crime against the person,* property or a narcotics or dangerous drug violation, who carries concealed upon his person any pistol, revolver, or other firearm capable of being concealed upon the person

the Legislative Counsel: "Under existing law any unlicensed person who carries a concealed pistol, revolver or other concealable firearm upon his person or in a vehicle under his direction and control is guilty of a misdemeanor, and *if he has been convicted previously of any felony* or of any crime made punishable by the Dangerous Weapons Control Law, *is guilty of a felony.*

"This bill would make such unlicensed concealed carrying of such a firearm punishable as a misdemeanor except for persons convicted of a crime against the person, property, or a narcotics or dangerous drug violation which *shall be punishable alternatively as a felony or misdemeanor* in all cases of carrying a concealed weapon upon the person *where there was not such previous conviction.*" (Italics added.)

Clearly, throughout the amendments to the bill, there was one constant: violators with prior felony convictions are guilty of a felony. ■ Accordingly, we conclude that, read logically, Penal Code section 12025, subdivision (b), established three categories of offenders: 1) violators who have previously been convicted of any felony or crime made punishable by the Dangerous Weapons' Control Law are guilty of a felony; 2) violators who have not previously been convicted of a felony or a crime made punishable by the Dangerous Weapons' Control Law, but who carried the concealed weapon in connection with the perpetration of a crime against the person, property, or a narcotics or dangerous drug violation are guilty of a "wobbler"; 3) those violators who have not previously been convicted of a felony or a crime made punishable by the Dangerous Weapons' Control Law and who were not carrying the concealed weapon in connection with the perpetration of a crime against the person, property, or a narcotics or dangerous drug violation are misdemeanants.

■ In the instant case, count II charged White with a violation of section 12025, subdivision (b), of the first category, i.e., carrying a

without having a license to carry such firearm as provided in this chapter *is guilty of a public offense and is punishable by imprisonment in a state prison, or by imprisonment in a county jail not to exceed six months,* or by fine not to exceed five hundred dollars ($500), or by both such fine and imprisonment, *and if he has been convicted previously of any felony* or of any crime made punishable by this chapter, *is guilty of a felony*" (italics added). (Amended by Stats. 1975, ch. 1161, p. 2876.)

White's argument that the Legislature intended to provide felony status only for violators who had been previously convicted of a violation of the dangerous drug law ignores both the legislative history and the reference to "any felony" in the last sentence of the statute.

concealed weapon by one who has previously been convicted of a felony. Count II, therefore, charged White with a felony, not a "wobbler."

■ We turn next to White's contention that even if he was charged with a felony by count II, the magistrate had the power to strike the prior conviction pursuant to Penal Code section 17, subdivision (b)(5). This contention is without merit.

The authority of a magistrate is purely statutory and the powers and duties of the functionary are solely those given by the statute (*People* v. *Cohen,* 118 Cal. 74, 78 [50 P. 20]; *Burris* v. *Superior Court,* 43 Cal.App.3d 530, 537 [117 Cal.Rptr. 898]). A preliminary hearing is not a trial and a magistrate presiding at the hearing does not sit as a judge of a court and exercises none of the powers of a judge in a court proceeding (*Koski* v. *James,* 47 Cal.App.3d 349, 354-355 [120 Cal.Rptr. 754]). Furthermore, a judge who sits as a magistrate does not do so as a judge, but rather as one who derives his powers from the provisions of Penal Code sections 807[7] and 808[8] (*People* v. *Brite,* 9 Cal.2d 666, 683-684 [72 P.2d 122]; *Koski* v. *James, supra,* pp. 354-355). Therefore, once a felony complaint has been filed and the defendant arraigned thereon, a magistrate's options are limited by the Penal Code. Thus, the magistrate may: 1) conduct the preliminary examination (Pen. Code, § 806); and 2) hold the defendant to answer for trial in the superior court (Pen. Code, § 872); or 3) discharge the defendant if there is insufficient evidence (Pen. Code, § 871); or 4) if the defendant pleads guilty, certify the defendant to superior court (Pen. Code, § 859a); or 5) if the matter is a "wobbler," reduce the offense to a misdemeanor (Pen. Code, § 17, subd. (b)(5)).

Here, the magistrate struck White's prior conviction. As noted before, a magistrate's authority is derived from the Penal Code. The Penal Code does not empower a magistrate to strike a prior conviction (cf. *People* v. *Hawkins,* 85 Cal.App.3d 960, 965-967 [149 Cal.Rptr. 855]). The superior court, therefore, properly concluded that the magistrate here exceeded her authority by striking the prior conviction.

■ Finally, we turn briefly to White's alternative contention that the magistrate had authority to dismiss the prior conviction in the interests of justice pursuant to Penal Code section 1385 and, therefore, properly

[7]Penal Code section 807 states "A magistrate is an officer having power to issue a warrant for the arrest of a person charged with a public offense."

[8]Penal Code section 808, so far as pertinent, provides "The following persons are magistrates: . . . 4. the judges of the municipal courts."

reduced count II to a misdemeanor. Penal Code section 1385 provides, so far as pertinent: "The *court* may . . . in furtherance of justice, order an action to be dismissed" (italics added; Stats. 1951, ch. 1674, p. 3857). Here, the question is whether a magistrate is a "court" during a preliminary hearing. This question was considered and answered negatively by our Supreme Court in *People* v. *Peters,* 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], decided after the filing of White's closing brief. In *Peters,* at pages 752-753, the court analyzed the predecessors of Penal Code section 1385 and held that the magistrates were not "courts" within the language of that statute and only "trial courts" were authorized to dismiss. We can only conclude that White's alternate contention is also without merit.

The order appealed from is affirmed.

Kane, J., and Rouse, J., concurred.